[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2003
THOMAS K. KAHN
CLERK

No. 01-12491

D. C. Docket No. 01-00053-CV-ORL-31

EXUM WALKER,

Petitioner-Appellant,

versus

JAMES CROSBY,
Secretary, Department of Corrections, and
CHARLIE CRIST,
Attorney General of the State of Florida,

Respondents-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**(August 13, 2003)**

Before BIRCH and BLACK, Circuit Judges, and PROPST[*], District Judge.

BLACK, Circuit Judge:

---

[*] Honorable Robert B. Propst, United States District Judge for the Northern District of Alabama, sitting by designation.

Appellant Exum Walker appeals the district court's dismissal of his application for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, as time-barred under the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). We granted a certificate of appealability as to the following issues: (1) whether individual claims within a single habeas petition may be reviewed separately for timeliness in light of *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361 (2000); and (2) whether, in this case, the district court properly dismissed Walker's 28 U.S.C. § 2254 habeas petition as untimely.[1] The plain language of § 2244(d)(1) convinces us the answer to both questions is no.

I.

In May 1990, Appellant was convicted in state court of three counts of committing a lewd act in the presence of a child and one count of committing a lewd act upon a child.[2] In July 1990, Appellant was sentenced on all of these counts and received a total of 25 years' incarceration followed by 30 years'

---

[1] In the context of an application for writ of habeas corpus under § 2254, we treat the terms "application" and "petition" as interchangeable. *See* Rule 2(a) of the Rules Governing Section 2254 Cases (". . . the application shall be in the form of a petition for a writ of habeas corpus . . . .").

[2] In a separate indictment, Appellant was charged with 28 counts of unlawful possession of materials depicting sexual performance by a child. Appellant plead guilty to two of the counts, and the other 26 counts were dropped.

probation. Appellant's conviction and sentence were affirmed on direct appeal, and the mandate issued on August 7, 1991.

In the course of the next six years, Appellant filed several collateral attacks in state court, all of which were denied. In October 1997, however, Appellant filed a motion to correct his sentence under Florida Rule of Criminal Procedure 3.800, and the state court granted this motion with respect to Appellant's probationary sentence. On February 4, 1998, Appellant was resentenced to 15 years' probation as to one of the counts for which he was convicted and 15 years' probation as to another count, to run consecutively. Appellant appealed the resentencing judgment.

On February 24, 1998, while the appeal to his resentencing judgment was still pending, Appellant filed in federal district court a § 2254 application for writ of habeas corpus (1998 application) challenging aspects of his original conviction. On May 24, 1998, the district court dismissed Appellant's 1998 application without prejudice for failure to exhaust his remedies in state court.

Meanwhile, the state courts affirmed Appellant's resentencing and the mandate issued on June 5, 1998. Appellant then filed various applications for

state post-conviction or other collateral review, all of which were eventually denied.[3]

On January 16, 2001, Appellant filed another § 2254 application for writ of habeas corpus (2001 application) in federal district court. The 2001 application contained the same four claims raised in his 1998 application, as well as a fifth claim in which Appellant alleged he was resentenced to a harsher sentence in violation of his due process rights. Appellees argued the 2001 application was untimely under § 2244(d)(1). In response, Appellant argued the filing date of his 2001 application should relate back to his 1998 application. The district court, however, reasoned that since Appellant's conviction became final prior to April 24, 1996, he had until April 23, 1997, absent any tolling, to file a federal habeas petition regarding such conviction. *See Wilcox v. Florida Dep't. of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (holding petitioners whose convictions become final before the enactment of AEDPA must be provided a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable period). Measuring the one-year statute of limitations from April 24, 1996, the

---

[3]Appellant filed a petition to invoke all writs jurisdiction with the Florida Supreme Court on June 3, 1998, which was denied on November 9, 1998. Appellant filed a motion for a state writ of habeas corpus on December 1, 1998, which was finally denied on February 3, 1999. Appellant filed a Rule 3.800(a) motion for post-conviction relief on April 6, 1999, which was finally denied on September 13, 1999. Appellant filed a Rule 3.850 and 3.800(a) motion for post-conviction relief on September 28, 1999, which was finally denied on January 8, 2001.

district court found Appellant's 2001 application to be untimely. The district court also noted that Appellant's 1998 application, which had previously been dismissed without prejudice for failure to exhaust state remedies, was also filed after the one-year time limit had expired.

Appellant filed a motion for reconsideration, arguing the statute of limitations should be measured from the date of his resentencing, and not from the effective date of the AEDPA, because under § 2244(d)(1)(D) the date of his resentencing was the earliest date on which the factual predicate of his fifth claim could have been discovered. Appellant argued his 2001 application, as a whole, was timely under the one-year statute of limitations in § 2244(d)(1), measured from the date of his resentencing and tolled during the pendency of his properly filed applications for state post-conviction relief. In other words, he argued that, as long as one claim in his application was timely, the entire application was timely, even though other individual claims within the application appeared to be untimely when viewed by themselves. The district court denied Appellant's motion to reconsider. This appeal followed.

## II.

The first issue upon which we granted a certificate of appealability is whether individual claims within a single habeas petition may be reviewed

separately for timeliness, in light of *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361 (2000). The answer to this question depends upon the interpretation of the statute of limitations contained in § 2244(d)(1). "We begin our construction of [a statute] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000).

Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an *application* for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the *latest* of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

The statute directs the court to look at whether the "application" is timely, not whether the individual "claims" within the application are timely. The statute provides a single statute of limitations, with a single filing date, to be applied to the application as a whole. The statute also provides that this single deadline shall run from the "latest of" several possible triggering dates contained in subparagraphs (A) through (D).

Although the Supreme Court has not addressed this particular issue, the Court's analysis in *Artuz* guides our determination. *Artuz* dealt with whether an application for state post-conviction relief that contains procedurally barred claims is nevertheless "properly filed" within the meaning of § 2244(d)(2) so as to toll the limitation period. In holding that it was, the Court emphasized the distinction between an "application" and "claims" within an application:

> By construing "properly filed application" to mean "application raising claims that are not mandatorily procedurally barred," petitioner elides the difference between an "application" and a "claim." Only individual *claims*, and not the application containing those claims, can be procedurally defaulted under state law . . . . Ignoring this distinction would require judges to engage in verbal

gymnastics when an application contains some claims that are procedurally barred and some that are not. Presumably a court would have to say that the application is "properly filed" *as to* the nonbarred claims, and not "properly filed" *as to* the rest. The statute, however, refers only to "properly filed" applications and does not contain the peculiar suggestion that a single application can be both "properly filed" and not "properly filed." Ordinary English would refer to certain *claims* as having been properly *presented* or *raised*, irrespective of whether the application containing those claims was properly filed.

*Artuz*, 531 U.S. at 9-10, 121 S. Ct. at 364-65.

Our interpretation of § 2244(d)(1) is similarly guided by the distinction between an *application* and *claims* within an application, and by the presumption that Congress understood the difference when drafting AEDPA. Section 2244(d)(1) refers only to a one-year limitation period that applies to "an *application.*" (emphasis added). The statute does not suggest that a single application can be timely as to some claims and untimely as to other claims. To hold that, under § 2244(d)(1), a court can dismiss some claims as untimely and retain jurisdiction over other timely claims would elide the distinction between applications and claims that exists throughout § 2244. *Compare* § 2244(b)(1), (b)(2) & (b)(4) (requiring dismissal of certain *claims* presented in a second or successive § 2254 application) *with* §§ 2244(d)(1) (applying a one-year period of limitation to an *application*).

8

One of the leading treatises on habeas corpus law recognizes that the limitation period applies to applications and not to individual claims:

> Because the statutory scheme conditions the commencement of the limitations period in part on the date on which the petitioner or movant first gained access to the legal or factual bases for a particular "*claim*"–and it also ties its tolling provision for state postconviction proceedings to proceedings "with respect to the pertinent . . . claim"–a petition or motion with multiple claims may have different triggering dates for its various claims. If so, two questions arise: Does the deadline for the filing of a habeas corpus petition or section 2255 motion vary from claim to claim, or is there a single deadline that applies to the entire petition or motion? And, if the latter, what is the single deadline–the earliest or the latest of the various claims' limitations period, or some other date? Although AEDPA does not clearly resolve this issue, its language strongly suggests that the applicant has until the end of the *latest* of the claims' limitation periods to file the application. Thus, AEDPA provides that "[a] 1-year period of limitation shall apply to an *application* for a writ of habeas corpus" and "shall run from the *latest* of" the various possible time periods set forth in the statute. This language strongly suggests Congress' intention both that a single filing date apply to the entire "application," and that the deadline be determined by the "latest" of the limitation periods for the claims raised in the petition. . . . Given Congress' objective of streamlining the habeas corpus process, it seems highly unlikely that Congress would have opted for a claim-by-claim approach that could require piecemeal habeas corpus litigation on a scale never before imagined.

1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure (4th ed. 2001) § 5.2b at 266-67 & n.70 (footnotes omitted and footnote text appended to end of quote).

The Third Circuit, one of the few courts to have addressed this issue, agrees that a single limitation period applies to the entire application. *See Sweger v. Chesney*, 294 F.3d 506, 514 (3rd Cir. 2002). In *Sweger*, the Third Circuit criticized the district court for holding that the limitation period in § 2244(d)(1) "applies to each and every claim on an independent basis." 294 F.3d at 515-16. As the Third Circuit explained, this is "flatly incorrect." *Id.* at 516.

> [T]he District Court erred in holding under the AEDPA that separate one-year limitations periods apply to each claim raised in a habeas petition, and that each limitations period runs from the exhaustion of state remedies for each claim. . . .
>
> [T]he AEDPA expressly establishes that the limitations period applies "to an *application* for a writ of habeas corpus" and runs from "the date on which the judgment became final . . ." 28 U.S.C. § 2244(d)(1) (emphasis added) . . . . This provision makes no mention of a limitations period for individual claims in a habeas petition. It clearly applies to the entire habeas petition and runs from the date on which the judgment that the habeas petition attacks became final. The District Court's reading is contrary to the plain language of § 2244(d)(1).

*Id.* at 515.

We agree. The statute of limitations in § 2244(d)(1) applies to the application as a whole; individual claims within an application cannot be reviewed separately for timeliness. We reach this conclusion in light of the text and structure of AEDPA. Section 2244(d)(1) states the limitation period shall apply to

"an *application* for a writ of habeas corpus."  Contrast the language in § 2244(d)

creating a statute of limitations with the language in § 2244(b) requiring dismissal

of certain claims presented in a second or successive application.  The former

speaks only to the timeliness of the "application," while the latter allows for the

dismissal of "claims" within a second or successive application if they were or

could have been presented in a prior application.[4]  Our holding is consistent with

[4] Appellant's 2001 application was not a second or successive application under § 2244(b) because Appellant's 1998 application was dismissed without prejudice for failure to exhaust state remedies.  *See Slack v. McDaniel*, 529 U.S. 473, 486-87, 120 S. Ct. 1595, 1605 (2000) (holding that dismissal of petitioner's § 2254 application for failure to exhaust state remedies does not render a subsequent application second or successive).  Therefore, we have no occasion to decide whether and to what extent § 2244(b) allows a petitioner, who filed one habeas application and is then resentenced, to bring another habeas application that, in part, challenges his resentencing.  Other courts have suggested that in such a case the district court is allowed to separate the new claims challenging the resentencing from the old claims that were or should have been presented in the prior application.  *See In re Taylor*, 171 F.3d 185, 188 n.* (4th Cir. 1999) (stating the district court is "in the best position to separate the 'new' issues from any which existed at the time the applicant filed an earlier § 2255 motion and to limit his consideration of the motion accordingly"); *Walker v. Roth*, 133 F.3d 454, 455 n.1 (7th Cir. 1997) ("Of course, had Walker sought to challenge aspects of his conviction [as opposed to aspects of his resentencing] the district court would have been correct in dismissing his petition as successive."); *Galtieri v. United States*, 128 F.3d 33, 37-38 (2nd Cir. 1997) ("[W]henever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a 'first' petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a 'second' petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended.").  We mention these cases only to note that our holding that courts cannot separately consider the timeliness of claims under § 2244(d)(1) is not inconsistent with these courts of appeals decisions suggesting that courts can separately consider whether claims presented in a subsequent application should be dismissed under § 2244(b) or § 2255.  As we already noted, the text of the statute authorizing dismissal of *claims* in a second or successive application is claim specific, whereas the statute of limitations in § 2244(d)(1) applies only to an "application."  The difference in the text of the statute is enough to distinguish those cases from this one.

the Supreme Court's direction in *Artuz* to distinguish between the term "application" and "claim" when interpreting § 2244, and is also consistent with other courts and commentators who have addressed the issue.[5]

### III.

The next question we certified for appeal is whether, in this case, the district court properly dismissed Appellant's petition. The district court reasoned that, since Appellant's conviction became final before the effective date of AEDPA, the statute of limitations should be measured from the effective date of AEDPA, April 24, 1996. *See Wilcox*, 158 F.3d at 1211. Using this date as the starting point, the district court found the application was not timely. Appellant argues the statute of limitations should be measured from the date of his resentencing, because under

---

[5] Our holding is also consistent with *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982). In *Rose*, the Supreme Court addressed what to do when a petition contains both unexhausted and exhausted claims under § 2254(b). Section 2254(b)(1)(A) states that "[a]n application for writ of habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). The *Rose* Court decided on a rule of total exhaustion; district courts should dismiss "mixed" petitions that contain both exhausted and unexhausted claims. *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205. Although the Supreme Court did not focus on the statutory text in its opinion, the text of the § 2254(b)(1)(A) refers to the granting of "an application," and does not suggest that courts can separate claims within an application. The Court, moreover, did stress the importance of consolidating habeas review in a single proceeding. Our holding that courts cannot separately consider claims within an application for timeliness under § 2244(d)(1) is consistent with the Supreme Court's interpretation of § 2254(b)(1)(A) as well as the policy considerations behind *Rose*.

12

§ 2244(d)(1)(D) the factual predicate of his fifth claim could not have been discovered before then.

Appellant, however, need not resort to subparagraph (D). His application is timely because under subparagraph (A) we measure the statute of limitations from the date on which the resentencing judgment became final. We have previously held that under § 2244(d)(1)(A) the statute of limitations for a habeas application challenging a resentencing court's judgment begins to run on the date the resentencing judgment became final and not the date the original judgment became final. *Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000); *see also Maharaj v. Sec'y for the Dep't of Corr.*, 304 F.3d 1345, 1346 (11th Cir. 2002).

The *Hepburn* court, however, did not address how to measure the statute of limitations for a habeas application, like Appellant's 2001 application, that contains claims challenging the resentencing judgment as well as claims challenging the original judgment of conviction. Appellant's original conviction became final by the conclusion of direct review on August 7, 1991. Appellant's resentencing judgment, however, did not become final by the conclusion of direct review until June 5, 1998. Appellant was allowed to challenge both of these judgments in a single habeas petition under Rule 2(d) of the Rules Governing

13

Section 2254 Cases.[6] Since the limitations period in § 2244(d)(1) must run from the "latest" of the several possible triggering dates provided in its subparagraphs, the limitations period for Appellant's application runs from June 5, 1998, the date upon which Appellant's resentencing judgment became final by the conclusion of direct review, under subparagraph (A). Furthermore, under § 2244(d)(2), the limitations period was tolled during the pendency of Appellant's properly filed applications for state post-conviction or other collateral review. *See* n.3, *supra*. Using these dates, we conclude Appellant's 2001 application was filed within the one-year limitation period provided in § 2244(d)(1).

## IV.

We recognize that § 2244(d)(1) as written allows for the resurrection of what seem to be time-barred claims tagging along on the coattails of a timely claim. Nevertheless, Congress wrote the statute, and we cannot see how it can be read any other way without departing from the plain meaning of the words of the statute. The Supreme Court has advised that "[w]hatever merits . . . policy

---

[6]Rule 2(d) of the Rules Governing Section 2254 Cases states: "A petition shall be limited to the assertion of a claim for relief against the judgment or *judgments* of a single state court (sitting in a county or other political subdivision). If a petitioner desires to attack the validity of the judgments of two or more state courts under which he is in custody or may be subject to future custody, as the case may be, he shall do so by separate petitions." (emphasis added).

14

arguments may have, it is not the province of this Court to rewrite the statute to accommodate them." *Artuz*, 531 U.S. at 10, 121 S. Ct. at 365.

REVERSED and REMANDED.

BIRCH, Circuit Judge, concurs dubitante.