*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0182p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

RONALD DALE BACHMAN,

*Petitioner-Appellant,*

*v.*

No. 05-3054

>

MARGARET BAGLEY, Warden,

*Respondent-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 00-01706—Dan A. Polster, District Judge.

Argued: April 25, 2007

Decided and Filed: May 18, 2007

Before: GUY, COLE, and McKEAGUE, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Juliet Johnson Karastelev, JONES DAY, Washington, D.C., for Appellant. M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Juliet Johnson Karastelev, JONES DAY, Washington, D.C., for Appellant. Stuart A. Cole, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

---

**OPINION**

---

McKEAGUE, Circuit Judge. Ronald Dale Bachman appeals the district court's decision that his petition for a writ of habeas corpus was untimely, arguing that his adjudication as a sexual predator under Ohio law effectively reopened the judgment against him and restarted the statute of limitations period. For the reasons that follow, we affirm.

## I. BACKGROUND

On July 14, 1995, Bachman was convicted in Ohio state court of four counts of rape and one count each of sexual battery, corruption of a minor, endangering children, and gross sexual imposition, stemming from twelve years of weekly rape and molestation of his daughter, beginning when she was five years old. He was sentenced to life imprisonment. His conviction was affirmed by the Ohio Court of Appeals on September 23, 1996, and the Ohio Supreme Court denied him leave to appeal on January 29, 1997. On April 12, 2004, the Ohio court before which Bachman originally

had been tried conducted an adversary proceeding pursuant to the requirements of Ohio's sex offender registration law, which had been substantially amended effective January 1, 1997. *See* Ohio Rev. Code § 2950.09. The court determined that Bachman was a "sexual predator." The Ohio Court of Appeals affirmed that determination on December 13, 2004.

On July 10, 2000, Bachman filed a petition for a writ of habeas corpus making various constitutional challenges to his original conviction. On June 24, 2003, the district court denied the petition as untimely under 28 U.S.C. § 2244(d)(1)(A). Bachman now timely appeals that denial to this court. In addition, on July 7, 2005, he filed a subsequent petition for a writ of habeas corpus with the district court, challenging his designation as a sexual predator.

## II. JURISDICTION

"Whether this Court has subject-matter jurisdiction is a question of law that this Court reviews *de novo*." *Coles v. Granville*, 448 F.3d 853, 860 (6th Cir. 2006) (citing *Kruse v. Village of Chagrin Falls*, 74 F.3d 694, 697 (6th Cir. 1996)). The government argues that this court lacks jurisdiction to entertain Bachman's appeal of the denial of his habeas petition because "the district court denied all of the grounds for relief contained within Bachman's habeas petition," and therefore the statute of limitations issue is essentially moot; Bachman did not mention his sexual predator designation in his original habeas petition; and he is challenging his sexual predator designation in a separate habeas petition now pending before the district court. Appellee's Brief at 14. Of these three reasons, only the first raises an issue that would actually affect this court's jurisdiction.[1] *See Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) ("A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue.").

The government's mootness argument relies on the supposition that the district court's denial of Bachman's petition included a rejection on the merits. The report and recommendation of the magistrate judge recommends the denial of the petition on statute of limitations grounds, but offers as an alternative recommendation the conclusion "that Bachman's appellate counsel provided constitutionally ineffective assistance because she failed to assert as error the admission into evidence of the opinion of a social worker as to the veracity of the victim." Report & Recommendation at 2. This was one of the three claims of error presented in Bachman's habeas petition.[2] The other two were a Confrontation Clause violation based on the district court's refusal to admit evidence that the victim had testified in a previous proceeding to sexual abuse by her grandfather, and ineffective assistance of trial counsel based on the fact that trial counsel called the nurse practitioner who examined the victim as a witness for the defense.

---

[1]The government does not actually explain the relevance of the fact that Bachman failed to raise the matter of his sexual predator designation in his original habeas petition. As Bachman notes, this is because the habeas petition was filed *before* he was designated a sexual predator. It is true that absent "exceptional circumstances," this court "'generally . . . will not hear issues raised for the first time on appeal.'" *Gnesys, Inc. v. Greene*, 437 F.3d 482, 488 (6th Cir. 2005) (quoting *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 657 (6th Cir. 1996)). However, this issue was raised before the district court in a motion under Federal Rule of Civil Procedure 60(b), and therefore may be entertained on appeal. *See Sanders v. Seabold*, No. 98-5470, 1999 U.S. App. LEXIS 19764, at *3 (6th Cir. Aug. 13, 1999).

As to the government's third point, a determination that Bachman's sexual predator designation restarted the statute of limitations period for his *first* habeas petition is not the same as an examination of whether the sexual predator determination was proper. As explained below, the merits arguments in Bachman's original habeas petition address alleged constitutional infirmities in his conviction. The validity of Bachman's later sexual predator designation is raised in his *second* habeas petition, currently pending before the district court. The pendency of the second habeas petition thus does not obviate the need to decide whether the first petition was timely filed.

[2]Although the district court concluded that the issue of submission to the jury of the exhibit corroborating veracity was not presented in Bachman's habeas petition, it does appear to be, although the ineffective assistance theory is not clearly explained.

The district court's decision states: "The Court adopts the Magistrate Judge's recommendation that the habeas corpus petition be denied as untimely, but rejects the Magistrate Judge's merit analysis. The court finds the claim addressed by the Magistrate Judge was not presented in the instant petition and the parties did not brief this claim." Opinion at 4. Even assuming that this rejection of the magistrate judge's analysis entails a rejection of Bachman's assertion of error on the merits, the district court decision still does not address Bachman's other two assertions of error, nor purport to make a decision on the merits of the petition as a whole. A merits decision was of course unnecessary, since the district court denied the petition on statute of limitations grounds. Thus, if Bachman's argument regarding the statute of limitations were correct, the case would properly be remanded for consideration on the merits of his petition. Therefore, this appeal is not moot, and the court has jurisdiction to entertain it.

## III. TIMELINESS

"When a district court denies a habeas petition, this Court reviews its legal conclusions *de novo* and its factual conclusions for clear error." *Bell v. Bell*, 460 F.3d 739, 749 (6th Cir. 2006) (citing *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999)). Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241–2255 ("AEDPA"), which tightened the procedural requirements for petitions for writs of habeas corpus,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The parties here agree that the applicable date is the one described in § 2244(d)(1)(A). Direct review of Bachman's conviction concluded on April 29, 1997. However, Bachman argues that his April 12, 2004, designation as a sexual predator pursuant to the Ohio sex offender registration law reopened his original judgment and sentence, and therefore that the one-year period began again following the sexual predator designation.

The Sixth Circuit recently held in *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006), that "the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final." This holding expressly restricts itself to petitions that challenge the resentencing decision itself – that is, to petitions that bring legal challenges to the same event that causes the restarting of the statute of limitations clock.

This court made the applicability of the *Linscott* rule clear later the same year in *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006). In that case, this court held that the statute of limitations for a habeas claim challenging the refusal by the Ohio Court of Appeals to allow a defendant to file a delayed appeal began running after the conclusion of direct review of that denial:

DiCenzi first claims that the [Ohio] appellate court improperly refused to allow him to file a delayed appeal. . . . [T]he Ohio Supreme Court granted DiCenzi's motion for leave to file the appeal [of the Ohio appellate court's refusal], and ordered the parties to brief the jurisdictional merits of the appeal. On April 3, 2002, the Ohio Supreme Court concluded that DiCenzi's claim did not merit Ohio Supreme Court jurisdiction because no significant constitutional question was presented. . . . The statute of limitations was thus tolled until the April 3, 2002 decision of the Ohio Supreme Court. Further, that court's decision not to hear DiCenzi's appeal, like all decisions of a state's highest court, could have been appealed to the United States Supreme Court. Following the April 3, 2002 decision, DiCenzi thus had an additional ninety days' worth of tolling in order to petition for certiorari, whether or not he actually did so.

*Id.* at 469. However, in the same habeas petition, DiCenzi also brought other claims challenging aspects of his sentencing. With regard to these claims, the court explained:

DiCenzi's three other claims . . . all relate to events that took place at sentencing on June 30, 1999. Since there was no timely-filed direct appeal, DiCenzi's sentence became final on July 30, 1999, . . . and he had one year from this date to file a habeas petition under 28 U.S.C. § 2244(d)(1)(A). Obviously, even assuming that all of his later actions tolled the statute for certain periods of time, DiCenzi's habeas petition, filed on April 3, 2003, was not filed within one year of July 30, 1999. Accordingly, if the statute of limitations did indeed begin running on that date, DiCenzi's petition was not timely filed.

*Id.*[3]

Thus, Bachman's designation as a sexual predator started the running of a new statute of limitations period with respect to challenges to the sexual predator designation *only*[4] – not with respect to challenges to his underlying conviction, such as those raised in the habeas petition at issue here. However, Bachman argues that the sexual predator designation should restart the statute of limitations period with respect to *any* claim related to his conviction. In support of this argument, he cites the Eleventh Circuit's decision in *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003). In that case, the Eleventh Circuit held that where a habeas petition brings multiple claims, including a challenge to a resentencing decision, that resentencing restarts the statute of limitations period for *all* of the claims in a habeas petition, including those that arise from the original conviction. *Id.* at 1246. The court based its conclusion on the fact that "[t]he statute directs the court to look at whether the 'application' is timely, not whether the individual 'claims' within the application are timely. The statute provides a single statute of limitations, with a single filing date, to be applied to the application as a whole." *Id.* at 1243.

---

[3]The *DiCenzi* court ultimately determined that the statute of limitations may actually have begun running on the date defined by § 2244(d)(1)(D), namely, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," and remanded to the district court for findings of fact regarding "when a defendant in DiCenzi's position, acting with due diligence for AEDPA statutory purposes, would have discovered his right to an appeal." 452 F.3d at 472. However, the *DiCenzi* court's explanation regarding § 2244(d)(1)(A), which is the accrual provision at issue in this case, confirms that the *Linscott* rule that the date of a "judgment" under § 2244(d)(1)(A) is the date of a subsequent sentencing proceeding applies only to habeas petitions challenging the resentencing decision itself.

[4]This court does not decide whether Bachman is otherwise entitled to challenge his sexual predator designation through a petition for a writ of habeas corpus. *See Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002) (holding that a prisoner did not satisfy the "in custody" requirement for filing a habeas petition with regard to his sexual predator designation under Ohio law).

The *Walker* holding thus contradicts this court's decisions in both *Linscott* and *DiCenzi*. This court must follow its own prior published decisions, regardless of whether they are contrary to those of other courts, excepting of course the United States Supreme Court. *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Kean-Argovitz Resorts*, 383 F.3d 512, 517 (6th Cir. 2004) (citing 6th Cir. R. 206(c)). Moreover, even if the *Walker* holding were binding on this court, it is not actually helpful to Bachman. In the instant habeas petition, he raises no claims relating to his designation as a sexual predator; rather, he raises these in his second petition. Thus, under the *Walker* rule, all claims in his application, and therefore the application in its entirety, are untimely. The position Bachman endorses, that a later-occurring event can reopen the statute of limitations period with respect to a petition challenging the underlying conviction, regardless of what other claims are raised in the petition, is supported by neither *Walker* nor this court's precedent, and in fact Bachman cites to no authority that supports it.

Sixth Circuit precedent dictates instead that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim. The logic behind this rule was explained in *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004), in which the Third Circuit refused to adopt the Eleventh Circuit's *Walker* decision. The *Fielder* court observed that using the same beginning date for the statute of limitations for an entire habeas petition, regardless of the nature of the individual claims, "has the strange effect of permitting a late-accruing federal habeas claim to open the door for the assertion of other claims that had become time-barred years earlier," a result that Congress never intended when it designed the federal habeas statutes. *Id.* at 120.

The *Fielder* court also responded to the underlying reasoning in *Walker*, observing that "[i]t is common for statute of limitations provisions to be framed using the model of a single-claim case. For example, the general statute of limitations for federal claims, 28 U.S.C. § 1658, prescribes the date by which 'a civil action' must be commenced." *Id.* at 119. However, "it is understood that [this provision] must be applied separately to each claim where more than one is asserted. . . . [N]o one, we assume, would argue that, in a civil case with multiple federal claims, the statute of limitations must begin on the same date for every claim." *Id.*

Consistent with this reasoning, the Sixth Circuit has permitted prisoners to challenge a state parole board's administrative denial of parole in a habeas petition filed within one year of the parole denial becoming final, *Ali v. Tennessee Board of Pardon & Paroles*, 431 F.3d 896, 898 (6th Cir. 2005), and to challenge the revocation of parole within one year of the revocation decision becoming final, *Bogan v. Huffman*, No. 98-4425, 2000 U.S. App. LEXIS 31039, at *3-4 (6th Cir. Nov. 30, 2000). As noted above, *Linscott* and *DiCenzi* also allowed prisoners to challenge their resentencing and the rejection of a delayed direct appeal within a year of those decisions becoming final. However, none of these decisions undermines this court's rule that challenges to the underlying conviction and sentence must be made within one year of the conclusion of direct review of the original sentencing decision. *DiCenzi*, 452 F.3d at 469.

In this case, direct review concluded ninety days, or the time during which a prisoner may petition the Supreme Court for a writ of certiorari, after January 29, 1997, the date the Ohio Supreme Court denied Bachman leave to appeal. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003) (holding that the statute of limitations for federal prisoners under § 2255 begins at the end of the time for filing a certiorari petition regardless of whether a certiorari petition is filed); *Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007) (acknowledging that this rule logically applies to state prisoners under § 2244 as well). Bachman did not file the instant petition for a writ of habeas corpus until July 10, 2000. Thus, his petition is barred by the statute of limitations.

## IV.  CONCLUSION

For these reasons, the district court's denial of Bachman's petition for a writ of habeas corpus is **AFFIRMED**.