**Michael Duane ZACK, III, Petitioner,**

v.

**James V. CROSBY, Jr., Respondent.**

**Case No. 3:05cv369–RH.**

United States District Court,
N.D. Florida,
Pensacola Division.

Nov. 17, 2008.

Linda McDermott, McClain & McDermott PA, Wilton Manors, FL, for Petitioner.

Charmaine Mary Millsaps, Tallahassee, FL, for Respondent.

### *ORDER DISMISSING PETITION IN PART*

ROBERT L. HINKLE, Chief Judge.

By petition for writ of habeas corpus, Michael Duane Zack, III, challenges his state court conviction and death sentence. The respondent Secretary of the Florida Department of Corrections has moved to dismiss the petition as untimely. I grant the motion in part.

The limitations period for a federal habeas claim challenging a state-court conviction is one year.[1] The period runs from one of four dates.[2] The two at issue here are first, the date when the conviction became final by the conclusion of direct review or the expiration of the period for seeking direct review,[3] and second, the date on which the Supreme Court first recognized a relevant constitutional right that is retroactively applicable to cases on collateral review.[4] The limitations period is tolled during the pendency of a properly filed state-court application for collateral review.[5]

---

1. 28 U.S.C. § 2244(d)(1).

2. 28 U.S.C. § 2244(d)(1)(A)-(D).

3. 28 U.S.C. § 2244(d)(1)(A).

4. 28 U.S.C. § 2244(d)(1)(C).

5. 28 U.S.C. § 2244(d)(2).

More than one year ran without tolling from the time when Mr. Zack's conviction became final until he filed this federal petition. But less than one untolled year ran from the time the Supreme Court decided *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). *Atkins* recognized a new right, and it is retroactively applicable to cases on collateral review. *See In re Hill*, 437 F.3d 1080, 1082 (11th Cir.2006). Mr. Zack's *Atkins* claim thus is timely.

The principal issue on the pending motion to dismiss is whether Mr. Zack's other claims—which clearly were time barred before *Atkins* was decided—have been revived by *Atkins*. They have not. Nor does the state trial court's purported delay in appointing an attorney to represent Mr. Zack on collateral review save the claims from dismissal based on untimeliness.

## I

A jury convicted Mr. Zack of first-degree murder, sexual assault, and robbery. He was sentenced to death. Mr. Zack appealed. The Florida Supreme Court affirmed. On October 2, 2000, the United States Supreme Court denied certiorari. *Zack v. Florida*, 531 U.S. 858, 121 S.Ct. 143, 148 L.Ed.2d 94 (2000). Mr. Zack's conviction thus became final on October 2, 2000.

On July 11, 2001, the state trial court appointed an attorney to represent Mr. Zack for purposes of collateral review.

As of October 2, 2001, the one-year anniversary of the conviction becoming final, Mr. Zack had filed no state or federal application for collateral review. The federal limitations period thus expired.

On December 26, 2001, Mr. Zack filed a motion in the state trial court to extend the deadline for filing a motion for collateral review under Florida Rules of Criminal Procedure 3.850. The court extended the deadline to May 13, 2002. Mr. Zack filed a Rule 3.850 motion on May 10, 2002, raising a variety of claims.

On June 20, 2002, the United States Supreme Court decided *Atkins*, holding it unconstitutional to execute a mentally retarded person.

On August 22, 2002, Mr. Zack moved for leave to amend his state trial-court Rule 3.850 motion to add an *Atkins* claim. On September 9, 2002, the court granted leave to amend. On July 14, 2003, the court denied the amended Rule 3.850 motion. Mr. Zack appealed and simultaneously filed a state habeas petition in the Florida Supreme Court. On July 7, 2005, the Florida Supreme Court affirmed the denial of the Rule 3.850 motion and denied the habeas petition. *Zack v. State*, 911 So.2d 1190 (Fla.2005). The court denied rehearing on September 16, 2005.

On November 29, 2004, while the Rule 3.850 appeal was still pending in the Florida Supreme Court, Mr. Zack filed in the state trial court a motion for relief under Florida Rules of Criminal Procedure 3.851. The basis was the new *Atkins*-based state rule on the execution of a mentally retarded person. On January 12, 2005, the trial court denied relief. Mr. Zack appealed. On September 20, 2007, 982 So.2d 1179, the Florida Supreme Court affirmed. Mr. Zack moved for rehearing. The court denied the motion on May 1, 2008.

On March 3, 2005, while the other state applications were still pending, Mr. Zack filed another habeas petition in the Florida Supreme Court raising a Confrontation Clause claim based on *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The Florida Supreme Court denied the petition on October 6, 2005, on the ground that *Crawford* is not retroactively applicable to cases on collateral review. That conclusion was and is correct. *See Whorton v. Bockting*, 549 U.S. 406, 127 S.Ct. 1173, 1177, 167 L.Ed.2d

1 (2007). Mr. Zack moved for rehearing. The Florida Supreme Court denied the motion on December 22, 2005.

On September 28, 2005, just 12 days after the Florida Supreme Court denied rehearing on Mr. Zack's appeal from the denial of his Rule 3.850 motion, Mr. Zack filed the instant federal petition under 28 U.S.C. § 2254. The petition asserted claims under *Atkins* and *Crawford* and on various other grounds. Simultaneously with filing the petition, Mr. Zack moved to stay proceedings in this court pending final disposition of the ongoing state proceedings asserting *Atkins* and *Crawford* claims.

The respondent opposed a stay based on the *Atkins* claim—in part because the *Atkins* claim was substantively unfounded— but the respondent acceded to a stay pending final disposition of the *Crawford* claim. I granted a stay pending the state courts' disposition of both claims.

The Florida Supreme Court finally denied the last of Mr. Zack's state-court applications on May 1, 2008.

On May 19, 2008, the respondent moved to dismiss the instant petition as untimely. Briefing on the motion to dismiss was completed on July 1, 2008. An order was entered on September 23, 2008, announcing that the motion to dismiss would be granted—for reasons to be set forth in a separate order—except with respect to the *Atkins* claim. This is the separate order.

The September 23 order also directed the respondent to answer the *Atkins* claim. The respondent filed his answer on September 25, 2008. Under the schedule announced long ago, Mr. Zack was entitled but not required to file a reply in support of the *Atkins* claim. The deadline for a reply was October 28, 2008. Mr. Zack did not file a reply. In order to avoid any confusion over the schedule, this order affords Mr. Zack a brief additional period within which he may file a reply on the *Atkins* claim, if he chooses to do so.

## II

The Antiterrorism and Effective Death Penalty Act establishes a one-year limitations period for federal habeas petitions challenging state-court convictions:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is tolled during state collateral-review proceedings:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

It is clear that in the absence of any *Atkins* claim, Mr. Zack's petition would be untimely. More than a year ran after the conviction became final before Mr. Zack filed this petition. During that period there were no pending state applications for collateral review.

It also is clear that Mr. Zack's *Atkins* claim is timely. This is so because when tolling for properly filed state applications is taken into account, the limitations period was running for less than one year between the *Atkins* decision and the filing of this petition.

Mr. Zack says that under § 2244(d)(1), a whole petition must be deemed timely or not, and that because the *Atkins* claim is timely, the whole petition is timely. As support for this assertion, he relies on *Walker v. Crosby*, 341 F.3d 1240 (11th Cir.2003). There the court said, "The statute of limitations in § 2244(d)(1) applies to the application as a whole; individual claims within an application cannot be reviewed separately for timeliness." *Id.* at 1245. The specific issue in *Walker* was the timeliness of a petition under § 2244(d)(1)(A)-not under subsections (B), (C), or (D)-but the court repeatedly referred to § 2244(d)(1) as a whole, without specifying only subsection (A). In the absence of other Supreme Court or Eleventh Circuit authority on this issue, I would follow *Walker* and deny the respondent's motion to dismiss.

But there is other, more recent authority. In *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the issue was whether a state-court application for collateral review was "properly filed" and thus tolled the federal limitations period. In *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), the Court had held that a state time limit was a condition to filing and that an untimely application thus was not "properly filed." Under the law of the state where the application at issue in *Pace* was filed—Pennsylvania—timeliness was determined on a claim-by-claim basis, rather than for the application as a whole. The *Pace* petitioner asserted that when timeliness is determined claim-by-claim, the entire "application" cannot be deemed improperly filed. The Court rejected the assertion, citing several examples in the federal statute where a reference to an "application" requires a claim-by-claim analysis. One of the examples was the provision at issue in the case at bar, § 2244(d)(1). The Court said:

> ... § 2244(d)(1) provides that a "1–year period of limitation shall apply to an *application* for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace*, 544 U.S. at 416 n. 6, 125 S.Ct. 1807 (emphasis in original).

The clear import of this statement is that § 2244(d)(1)(C) must be applied on a claim-by-claim basis. A new retroactively applicable decision such as *Atkins* provides a new window for filing a claim invoking that decision, but it does not extend the time for filing other claims. A growing list of district court decisions supports this conclusion. *See Murphy v. Sec'y Dep't of Corr.*, No. 8:06–cv–1633, 2007 WL 187705, at *4 (M.D.Fla. Jan. 22, 2007) (concluding that "post-*Pace*, the *Walker* approach is no longer viable"); *Watkins v. Idaho Bd. of Pardons & Parole*, No. CV–

06–79, 2008 WL 544843, at *4 (D.Idaho Feb. 26, 2008) (observing that § 2244(d)(1)(B)-(D) apply on a claim-by-claim basis); *Loomis v. Blades,* No. CV-05–249, 2006 WL 2265260, at *2 (D.Idaho Aug. 8, 2006) (same); *Khan v. United States,* 414 F.Supp.2d 210, 215–16 (E.D.N.Y.2006) (refusing to consider an untimely claim that was paired with a "newly recognized" claim that was timely).

To be sure, the *Pace* footnote could be characterized as dictum, though it is part of the analysis supporting the holding. If it is dictum, it is recent dictum of the Supreme Court, not to be disregarded lightly. And if the *Pace* statement is dictum, then so is the Eleventh Circuit's language in *Walker* on which Mr. Zack now relies. The issue in *Walker,* after all, was the timeliness of a petition under § 2244(d)(1)(A); the other subsections of § 2244(d)(1) were not involved. *Walker,* like *Pace,* commented on the portion of the statute at issue in the case at bar only as part of the analysis supporting the court's holding on a different issue.

■ On balance, I conclude that the *Pace* analysis is binding. And if it were deemed dictum and thus not binding—so that the *Walker* analysis were also dictum and not binding—I would nonetheless reach the same result. The point of § 2244(d)(1)(C) is to allow a claim based on a new retroactive Supreme Court decision. It would make no sense to allow a new decision to revive an unrelated claim for which the statute of limitations had already expired.

### III

Mr. Zack asserts two other, related arguments that—to his credit—he concedes are contrary to the law of the circuit. Both arguments run afoul of the settled principle that a person convicted in state court has no federal right to an attorney for purposes of collateral review.

■ First, Mr. Zack asserts that state action—the delay in appointing an attorney for purposes of collateral review—impeded the filing of a federal habeas petition, thus extending the limitations period under § 2244(d)(1)(B). But "a state's delay in appointing [post-conviction] counsel is not a 'violation of the Constitution or laws of the United States,' as required by § 2244(d)(1)(B)." *Johnson v. Fla. Dep't of Corr.,* 513 F.3d 1328, 1331 (11th Cir.2008).

■ Second, Mr. Zack asserts the limitations period should be equitably tolled from the date when the sentence became final until the date when the state court appointed an attorney for purposes of collateral review. But *Johnson* rejected this argument, too, under circumstances not meaningfully distinguishable from those of the case at bar. *Id.,* at 1332–33; *see also Lawrence v. Florida,* 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (rejecting an equitable-tolling argument and concluding that "a State's effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner's delay" in filing a federal habeas petition).

I treat these arguments as fully preserved for purposes of seeking relief from the Eleventh Circuit *en banc* or from the Supreme Court, but I of course follow the law of the circuit and reject the arguments as presented in this court.

### IV

With the exception of his claim under the Supreme Court's new and retroactively applicable decision in *Atkins,* Mr. Zack failed to present his claims within the one-year limitations period. Accordingly,

IT IS ORDERED:

1. The respondent's motion to dismiss (document 23) is GRANTED IN PART.

2. All claims not based on *Atkins v. Virginia* are dismissed with prejudice as untimely. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

3. The petitioner may file a reply in support of his *Atkins* claim by December 5, 2008. The claim will be taken under advisement at that time and a ruling may be entered without a hearing.

SO ORDERED.