[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2012
JOHN LEY

No. 09-12717
_____

D. C. Docket No. 05-00369-CV-RH

MICHAEL DUANE ZACK, III,

Petitioner-Appellant,

versus

KENNETH S. TUCKER,
PAM BONDI,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 9, 2012)

Before DUBINA, Chief Judge, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

This appeal raises questions of statutory construction and of the doctrine of

precedent.

Petitioner was convicted in Florida state court and was sentenced to death. The Florida Supreme Court affirmed Petitioner's conviction and sentence and later denied post-conviction relief. The District Court denied habeas relief but granted a certificate of appealability on the question of the habeas petition's timeliness. We vacate the District Court's decision and remand the case.

BACKGROUND

Petitioner Michael Duane Zack, III was convicted in 1997 in Florida state court for murder, sexual battery, and robbery. The Florida Supreme Court affirmed Petitioner's conviction and sentence on direct review. Zack v. State, 753 So. 2d 9 (Fla. 2000). On 2 October 2000, Petitioner's conviction and sentence became final when the United States Supreme Court denied his petition for certiorari. See Zack v. Florida, 121 S. Ct. 143 (2000).

On 26 December 2001, Petitioner filed his first state post-conviction motion, asking for an extension of time for filing a motion for collateral review. On 10 May 2002, Petitioner then filed a motion in state court to vacate his conviction and sentence. Both the December and May motions came more than

2

one year after the conviction became final.  When Petitioner's collateral review process was going on in state court, the United States Supreme Court decided Atkins v. Virginia, 122 S. Ct. 2242 (2002); and Petitioner amended his post-conviction filings to include claims newly made available under Atkins.  In 2005, the Florida Supreme Court denied Petitioner all post-conviction relief.  Zack v. State, 911 So. 2d 1190 (Fla. 2005).

Petitioner next turned to the federal courts for post-conviction relief, filing this habeas petition and raising multiple claims for relief, including a claim under Atkins.  The District Court dismissed all of Petitioner's non-Atkins claims as untimely and denied the Atkins claim on the merits.  The District Court then granted a certificate of appealability on the timeliness issue.

STANDARD OF REVIEW

Petitioner's habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (codified in scattered sections of Title 28 of the U.S. Code) ("the AEDPA").  The AEDPA imposes a one-year statute of limitations for the filing of section 2254 petitions.  28 U.S.C. § 2244(d)(1).  We review de novo a district court's

3

determination that a habeas petition is time barred.  <u>Hepburn v. Moore</u>. 215 F.3d 1208 (11th Cir. 2000).

## DISCUSSION

The AEDPA statute of limitation is expressed in section 2244(d):

> (1) A 1-year period of limitation shall apply to <u>an application </u>for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  <u>The limitations period shall run from the latest of </u>-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by a State action in violation of the Constitution or laws of the United States is removed, if the applicant is prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed

4

> application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

The District Court analyzed each of Petitioner's habeas claims separately for timeliness. The District Court found that more than one year had run from the time Petitioner's conviction became final until he filed his federal habeas petition but that less than one year (taking tolling into account) had run from the Supreme Court's <u>Atkins</u> decision until he filed the petition. <u>Zack v. Crosby</u>, 607 F. Supp. 2d 1291, 1295 (N.D. Fla. 2008). Based on these findings, the District Court concluded that the non-<u>Atkins</u> claims were time barred; but the District Court concluded that the <u>Atkins</u> claim was timely under section 2244(d)(1)(C) because <u>Atkins</u> recognized a new right and was retroactively applicable to cases on collateral review.

Petitioner does not contend that he filed a motion sufficient to toll the running of the statute of limitations on his non-<u>Atkins</u> claims within one year of his conviction's becoming final on 2 October 2000. Petitioner just contends that the timeliness of his habeas petition must be analyzed by looking at the petition as a whole and not by analyzing his petition claim by claim. He asserts that his timely

5

Atkins claim revived his other time-barred claims, making the entire petition, in effect, timely.

In Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003), this Court laid down the rule for analyzing timeliness of a petition. The Walker court addressed a habeas petition that included one claim that was timely and some other claims that -- viewed in isolation -- were untimely. The Walker court said this question was then before the court for decision: "whether individual claims within a single habeas petition may be reviewed separately for timeliness, in light of Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000)." Walker, 341 F.3d at 1242.

The petition in Walker involved a resentencing and was determined to be timely under section 2244(d)(1)(A). But the decision of Walker, interpreting section 2244(d), reaches beyond the circumstance of a resentencing. Given the arguments made to the Walker court and the process of reasoning set out in its opinion, the Walker court decided -- as a principle of law -- that a single limitation period applies to a whole petition and that the limitation period for the whole petition runs one year from the latest of the triggering events established in section 2244(d)(1)(A)-(D). Id. at 1245. The rule from the Walker decision was stated in

6

the opinion this way:[1]  "[t]he statute of limitations in § 2244(d)(1) applies to the application as a whole; individual claims within an application cannot be reviewed separately for timeliness."  Id.

In the light of this rule, the entire petition in Walker qualified, in fact, as timely because the resentencing activated a one-year-limitation period under section 2244(d)(1)(A), given that the Walker petition included a challenge to the resentencing; but, in law, the existence of any of the other triggering events in section 2244(d)(1)(B)-(D) would have equally made the entire Walker petition timely as long as the petition included a timely claim under one of those other triggering provisions.

Given the approach taken by the Walker court, the existence of a resentencing was not, in itself, viewed as the material fact.  To the Walker court, the evident material fact -- that is, the legally relevant thing -- was the existence of any one of the kind of triggering events listed in the pertinent limitations statute.

Walker binds us in the present case.  Section 2244(d)(1) has in no way been amended since Walker was decided.  No Supreme Court holding or en banc holding from this Court has superseded the Walker decision on the manner to

_____

[1]We understand that not every professed rule set out in an appellate opinion is binding precedent.

analyze timeliness in a habeas petition.[2]  In this Circuit, the timely <u>Atkins</u> claim in Petitioner's petition makes timely all the other claims in the petition: reviving claims that were determined to be individually untimely by the District Court.  The <u>Walker</u> court explicitly recognized that its decision would allow the "resurrection of what seem to be time-barred claims tagging along on the coattails of a timely claim." <u>Walker</u>, 341 F.3d at 1247.  That "resurrection" has happened in the present petition.

The District Court, as a matter of law, erred in applying the statute of limitation separately to each claim in the petition and in dismissing any claim in the petition in this case on the grounds of untimeliness.

VACATED and REMANDED. [3]

---

[2]The footnote in <u>Pace v. DiGuglielmo</u>, 125 S. Ct. 1807, 1813 n.6 (2005), cited by the District Court and Appellees does not constitute a holding.  We know that our Circuit's law on this limitations question is not the law everywhere.

The precise bounds of most decisional rules are uncertain.  But we feel obliged to follow the <u>Walker</u> rule.  Given the way the case was argued to the <u>Walker</u> court, and the manner in which the <u>Walker</u> case was decided, we cannot accept the contention that the <u>Walker</u> decision here is only persuasive authority: that is, not binding authority -- except for habeas applications in which one claim, at least, is tied to the circumstance of a resentencing.

[3]Petitioner/Appellant's Motion for Expansion of Certificate of Appealability, filed 5 December 2011, is DENIED.