[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14050
_____

D.C. Docket No. 8:09-cv-01778-EAK-TBM


EDWARD KENNETH WERDELL,

Petitioner - Appellant,

versus

DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 30, 2013)

Before CARNES and WILSON, Circuit Judges, and HUCK,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

The judgment in this case is vacated and the case is remanded so that the district court can do what it offered to do in its February 25, 2011 order: allow the petition to proceed in that court without dismissal on the ground that it violated Rule 2(e) of the Rules Governing Section 2254 Cases. See Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003), overruled on other grounds by Zack v. Tucker, 704 F.3d 917 (11th Cir. 2013) (en banc). In doing so, the district court may consider any affirmative defenses the respondent raises, including the statute of limitations set out in 28 U.S.C. § 2244(d), which applies on a claim-by-claim basis, not on a petition-wide basis. Zack, 704 F.3d at 918.

We also note that the district court can take reasonable steps to have the petitioner clarify his petition, or any claims in his petition, that are difficult to parse or understand. See Rule 4, Rules Governing § 2254 Cases, Advisory Committee Notes on 1976 Adoption ("[T]he judge may want to consider a motion from respondent to make the petition more certain."); see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983–84 (11th Cir. 2008); Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006); Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B 1981).

**VACATED AND REMANDED.**[1]

---

[1] This appeal was originally scheduled for oral argument but was removed from the oral argument calendar by unanimous consent of the panel under 11th Circuit Rule 34-3(f).