**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALVIN DALTON, | No. 21-16727 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-06568-JSW |
| v. | |
| KOENIG, Warden, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

California state prisoner Alvin Dalton appeals pro se from the district court's

order denying his post-judgment motion for sanctions in his 42 U.S.C. § 1983

action alleging constitutional claims.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review for an abuse of discretion.  *Winterrowd Am. Gen. Annuity Ins.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Co.*, 556 F.3d 815, 819 (9th Cir. 2009).  We affirm.

The district court did not abuse its discretion in denying Dalton's motion for sanctions because Dalton failed to demonstrate any basis for an award of sanctions. *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power.").

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 487 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

21-16727