■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL CLARK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered December 13, 1983, convicting him of rape in the first degree (two counts), sodomy in the first degree (two counts), sexual abuse in the first degree (two counts), and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements.

Judgment affirmed.

The trial court correctly limited cross-examination of the victim regarding her prior sexual experiences, since the purpose of defense counsel's questioning did not fall within one of the categories described in CPL 60.42. Furthermore, defense counsel made no offer of proof to demonstrate that the questioning was relevant to the defense (CPL 60.42 [5]). In any event, the victim's familiarity with various sexual techniques and terminology would not, as the defendant claimed, necessarily tend to prove that she normally engaged in sex for pay.

The pair of handcuffs which the victim claimed were used in her abduction by the defendant and his codefendant were identified by both the complainant and the arresting officer and, therefore, were properly admitted into evidence.

The defendant's videotaped statement was also properly admitted into evidence since, as the hearing court concluded, the statement was not given under unduly harsh or oppressive conditions *(see, People v Anderson,* 42 NY2d 35). We have examined the defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur.