■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICTOR CLEMENTE, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Rotker, J.), dated March 22, 1988, which dismissed the indictment on the ground that the defendant had been denied a speedy trial.

Ordered that the order is reversed, on the law and the facts, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The court erred in granting the defendant's motion to dismiss the indictment, which charged him with murder in the second degree and criminal possession of a weapon in the third and fourth degrees, based on a denial of the defendant's constitutional right to a speedy trial. In *People v Taranovich* (37 NY2d 442, 445), five factors were set out to be considered in determining whether that right has been violated: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay". Initially, we note that the extent of the delay in this case was approximately 14 months. This was not an extraordinarily long time, given the seriousness of the charge, which, by necessity, requires careful preparation *(see, e.g., People v Taranovich, supra,* at 446; *People v Rodriguez,* 81 AD2d 840, 841). Moreover, the defendant is free on bail, and will remain at liberty. Much of the delay is attributable to the fact that the People have been experiencing difficulty in locating eyewitnesses to the crime. The need to secure witnesses is a valid reason for delay *(see, Barker v Wingo,* 407 US 514; *People v Rodriguez, supra).* Moreover, the defendant has failed to demonstrate that his defense has been prejudiced by the delay. The defendant's further claim that he has been prejudiced by virtue of the fact that a witness favorable to him has left the State, does not establish prejudice as defendant has not alleged when this witness disappeared. The witness may have left at some point before the speedy trial issue arose. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.