**Manuel CLARK, Petitioner–Appellant,**

v.

**Wayne BARKLEY, Superintendent, Riverview Correctional Facility, Respondent–Appellee.**

**Docket No. 00–2695.**

United States Court of Appeals, Second Circuit.

Oct. 22, 2002.

Jonathan C. Scott, Scott & Scott, LLP, Melville, NY, for Appellant.

Amy Appelbaum, Assistant District Attorney (Charles J. Hynes, District Attorney Kings County, Leonard Joblove, Assistant District Attorney, on the brief), Brooklyn, NY, for Appellee.

Present WALKER, Chief Judge, NEWMAN, and FRED I. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Petitioner Manuel Clark appeals from an order of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*) denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254(a), on the ground that the petition was time-barred under 28 U.S.C. § 2244(d)(1), the statute of limitations provision imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1217 (codified at 28 U.S.C. § 2244). *Harrison v. Artuz*, 105 F.Supp.2d 101, 102 (E.D.N.Y.2000). The district court granted a certificate of appealability "limited to the question of whether a doomed attempt to appeal the Appellate Division's denial of a writ of *error coram nobis* tolls AEDPA's statute of limitations pursuant to 28 U.S.C. § 2244(d)(2)." *Id.* at 106.

Following a jury trial in Supreme Court, Kings County, petitioner was convicted of two counts of Rape in the First Degree, two counts of Sodomy in the First Degree, two counts of Sexual Abuse in the First Degree, and one count of Unlawful Imprisonment in the Second Degree. *People v.*

*Clark,* 118 A.D.2d 718, 500 N.Y.S.2d 50 (N.Y.App.Div.1986). Clark's conviction was affirmed on direct appeal by the Appellate Division, Second Department. *Id.* Leave to appeal to the Court of Appeals was denied on May 16, 1986, *People v. Clark,* 67 N.Y.2d 1051, 504 N.Y.S.2d 1026, 495 N.E.2d 359 (1986), and Clark's motion for reconsideration was denied by the Appellate Division on May 23, 1986. Clark did not file a petition for writ of certiorari in the United States Supreme Court and, thus, his conviction became final on August 21, 1986, the expiration date for seeking direct review by the United States Supreme Court. *See Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998). Because Clark's conviction became final before April 24, 1996, the date AEDPA became effective, he had until April 24, 1997 plus any time tolled under § 2244(d)(2) or the doctrine of equitable tolling to file his first habeas petition. *See id.* at 102–03; *see also Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.) (per curiam), *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000).

On January 26, 1996, petitioner moved the trial court to vacate his judgment of conviction pursuant to N.Y.Crim. Proc. L. § 440.10. The trial court denied the motion on March 25, 1997, and the Appellate Division denied leave to appeal on May 30, 1997, which is the date the one-year limitations period started to run. As found by the district court, the limitations period ran until Clark filed a motion for a writ of error *coram nobis,* alleging ineffectiveness of appellate counsel, which was filed no earlier than November 21, 1997, 175 days later. *Harrison,* 105 Supp.2d at 103 & n. 3. The Appellate Division denied the motion on March 23, 1998. *People v. Clark,* 248 A.D.2d 630, 669 N.Y.S.2d 934 (N.Y.App.Div.1998). On September 1, 1998, Clark was denied leave to appeal to the Court of Appeals on the ground that "the order sought to be appealed is not appealable under Criminal Procedure Law,

Section 450.90(1)." On January 26, 1999, Clark's application for reconsideration of the denial of leave to appeal was denied on the same ground.

Finally, on June 19, 1999, petitioner filed the instant petition for federal habeas relief.

The district court concluded that the petition was time-barred under 28 U.S.C. § 2244(d)(1) because the limitations period ran for more than twenty months. *Harrison*, 105 F.Supp.2d at 103–05. We calculate that 628 days elapsed by the time the petition was filed: 175 days between May 30, 1997 and November 21, 1997, and an additional 453 days between the Appellate Division's denial of the *coram nobis* motion on March 23, 1998, and the filing of the habeas petition on June 19, 1999.

Petitioner primarily argues that the district court's dismissal of his habeas petition as untimely was error because his application to the Court of Appeals for leave to appeal the Appellate Division's denial of his *coram nobis* motion was "properly filed" as that term has been construed by the Supreme Court in *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), and thus the limitations period for his habeas petition was tolled until his motion for reconsideration of the denial of leave to appeal to the Court of Appeals was dismissed on January 26, 1999. If this is correct, only 319 days had elapsed by the time the petition was filed.

■ Petitioner's argument is without merit. As we explained in *Hizbullahankhamon v. Walker*, 255 F.3d 65 (2d Cir. 2001), the issue is not whether Clark's application for leave to appeal the denial of his *coram nobis* motion was "properly filed," but whether the *coram nobis* motion was still "pending" after it was denied by the Appellate Division. *Id.* 70–71. For purposes of § 2244(d)(2), an application for state post-conviction review is " 'pending'

from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir.1999), *aff'd*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). It is settled New York law that the Appellate Division's denial of a *coram nobis* motion may not be appealed to the Court of Appeals. *Hizbullahankhamon*, 255 F.3d at 70 (citing Court of Appeals cases); *see also Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir.), *cert. denied*, 531 U.S. 1018, 121 S.Ct. 581, 148 L.Ed.2d 497 (2000). Accordingly, AEDPA's statute of limitations is not tolled during the interval when a petitioner seeks leave to appeal an Appellate Division's denial of a *coram nobis* motion because the *coram nobis* motion ceases to be "pending" when it is denied by the Appellate Division. *Hizbullahankhamon*, 255 F.3d at 71–72.

■ Finally, petitioner argues that the statute of limitations should be equitably tolled in this case because 1) dismissing his petition as untimely would elevate hyper-technical procedure over meaningful review of Clark's habeas claims; 2) filing for leave to appeal the denial of his *coram nobis* motion was objectively reasonable in light of prior cases interpreting § 2244(d)(2); and 3) Clark filed the leave to appeal in a diligent attempt to exhaust all of his state remedies. Even if the issue of equitable tolling might be considered to fall within the scope of the COA and even if, in some circumstances, equitable tolling might be available for the intervals during which a timely filed motion for leave to appeal to the New York Court of Appeals the denial of a motion for *coram nobis* and during which a timely filed motion for reconsideration of a denial of leave to appeal to the Court of Appeals are pending, matters we do not decide, Clark could not benefit from such a tolling because his motion for leave to appeal was filed 88 days after the normally allowable 30–day

period, *see* N.Y. CPLR § 5513(b) (McKinney Supp.2002), and his motion for reconsideration was filed 49 days after the normally allowable 30–day period, *see* N.Y. Comp.Codes R. & Regs. tit. 22, § 500.11(g)(3) (2002). These intervals, totaling 137 days, added to the 175 days that had run before he filed his *coram nobis* motion and the 143 days between the denial of reconsideration by the Court of Appeals and the filing of his habeas petition, far exceed the allowable 365 days, and such untimely filings cannot be the basis for equitable tolling.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**