# United States Court of Appeals
## For the First Circuit

No. 13-1993

DEREK CAPOZZI,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel,  U.S. District Judge]

Before

Torruella, Howard and Thompson,
Circuit Judges.

Derek Capozzi pro se.
Christopher F. Bator, Assistant U.S. Attorney, Dina Michael
Chaitowitz, Assistant U.S. Attorney, Cynthia A. Young, Assistant
U.S. Attorney, Jennifer H. Zacks, Assistant U.S. Attorney, and
Carmen Ortiz, United States Attorney on application for an expanded
certificate of appealability.

September 30, 2014

**Per Curiam**. This is an appeal from the denial of the petitioner's motion for relief pursuant to 28 U.S.C. § 2255. The petitioner, Derek Capozzi ("Capozzi"), has moved for reconsideration of our Order denying his request for an expanded certificate of appealability ("COA") on his Sixth Amendment claim. In substance, Capozzi's Sixth Amendment claim alleged that he was denied his Sixth Amendment right to counsel at various stages of the criminal proceeding and that he was forced to represent himself at trial. The district court concluded that the Sixth Amendment claim was time-barred. We refused Capozzi's request for an expanded COA on the Sixth Amendment claim, concluding that reasonable jurists could not disagree on the question of whether the Sixth Amendment claim was timely. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). We now deny the motion for reconsideration, but we explain briefly for the benefit of future litigants.

Title 28 U.S.C. § 2255(f)(1) establishes a one-year limitation period that begins running on the date on which the judgment of conviction becomes final. This court previously concluded that, to the extent that the period of limitation in subsection 2255(f)(1) applied to any of the claims in this case, that limitation period expired no later than a date on or about October 18, 2010. Capozzi filed his section 2255 motion long after that date. He amended that motion, however, to include a Brady

-2-

claim, see Brady v. Maryland, 373 U.S. 83 (1963), and the government apparently conceded that the Brady claim was timely because the newly-discovered evidence on which the Brady claim was based had not been discovered until shortly before Capozzi first asserted the claim. See 28 U.S.C. § 2255(f)(4).[1]

If we determine the timeliness of each claim in Capozzi's section 2255 motion separately, his Sixth Amendment claim is clearly untimely because it was filed long after the limitation period established by subsection 2255(f)(1) expired in October 2010, and no other part of 28 U.S.C. § 2255(f) applies to the Sixth Amendment claim. Capozzi argues, however, that his Sixth Amendment claim was timely because it was part of a section 2255 motion that included at least one claim that was timely (that is, the Brady claim). In other words, Capozzi takes the position that, so long as one claim in a section 2255 motion is timely, all claims included in the motion are timely. His position is based on the holding in the now-overruled Eleventh Circuit decision of Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003), overruled by Zack v. Tucker, 704 F.3d 917 (11th Cir.) (en banc), cert. denied, 134 S. Ct. 156 (2013).

We now join all of the other circuits that have decided

---

[1]The district court ultimately rejected the Brady claim on its merits, but it granted a COA on the claim. It also granted a COA on virtually identical claims lodged by several of Capozzi's co-defendants. See United States v. DeCologero, No. 01-10373-RWZ, 2013 WL 3728409, at *10 (D. Mass. July 11, 2013).

the question, and we hold that the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis.  See Zack, 704 F.3d at 926; Prendergast v. Clements, 699 F.3d 1182, 1186-88 (10th Cir. 2012); Mardesich v. Cate, 668 F.3d 1164, 1169-71 (9th Cir. 2012); Souliotes v. Evans, 622 F.3d 1173, 1179-80 (9th Cir. 2010), vacated on other grds., 654 F.3d 902 (9th Cir. 2011); Bachman v. Bagley, 487 F.3d 979, 982-84 (6th Cir. 2007); Fielder v. Varner, 379 F.3d 113, 117-22 (3d Cir. 2004)); see also Mayle v. Felix, 545 U.S. 644, 662 (2005); Pace v. DiGuglielmo, 544 U.S. 408, 416 n. 6 (2005).  Under this approach, Capozzi's Sixth Amendment claim is clearly time-barred, and there is no arguable claim to the contrary.

The motion for reconsideration is denied.