# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3245

_____

Gerald Lee DeCoteau

*Petitioner - Appellant*

v.

Alex Schweitzer, Superintendent of the North Dakota State Hospital

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: November 13, 2014
Filed: December 23, 2014

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Gerald Lee DeCoteau was found guilty of gross sexual imposition in 1996 and sentenced to ten years' imprisonment. His habeas petition in November 2012 had six claims. The district court[1] dismissed the petition, finding four claims were

_____

[1]The Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

time-barred, one was procedurally barred, and the other lacked merit. The district court granted a certificate of appealability whether the statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA) applies on a claim-by-claim basis. Having jurisdiction under 28 U.S.C. §§ 1291 and 2253, this court affirms.

AEDPA's statute of limitations applies to "an application" for a writ of habeas corpus. Its one-year period runs

from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented by filing from such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

DeCoteau argues that the word *application* at the beginning of the statute focuses it on the date of the latest claim within the entire application—allowing review of all claims if at least one is timely. This court reviews de novo the interpretation of a federal statute. **Borrero v. Aljets**, 325 F.3d 1003, 1005 (8th Cir. 2003).

"Where statutory language is plain, 'the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" ***Contemporary Indus. Corp. v. Frost***, 564 F.3d 981, 985 (8th Cir. 2009). "[I]f the relevant text is not reasonably susceptible to more than one interpretation, we will not look beyond it unless application of the plain language 'will produce a result demonstrably at odds with the intentions of its drafters.'" ***Id.***

The language in § 2244(d)(1) is susceptible to more than one interpretation.  As then-Circuit Judge Alito explained in *Fielder v. Varner*, 379 F.3d 113, 118 (3rd Cir. 2004):

> The reference to "the latest" date in 2244(d)(1) tells a court how to choose from among the four dates specified in subsections (A) through (D) *once those dates are identified*.  This language does not tell a court how to identify the date specified in subsection (D) in a case in which the application contains multiple claims.

The better interpretation is "subsection (C)'s reference to '*the* constitutional *right*' is clearly a reference to a singular right, . . . and subsection (D)'s reference to 'claim or claims' indicates Congress meant for courts to determine timeliness on a claim-by-claim basis."  ***Zack v. Tucker***, 704 F.3d 917, 920 (11th Cir. 2013) (en banc) (overruling *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003)).  *Accord* ***Prendergast v. Clements***, 699 F.3d 1182, 1187 (10th Cir. 2012); ***Mardesich v. Cate***, 668 F.3d 1164, 1171 (9th Cir. 2012); ***Bachman v. Bagley***, 487 F.3d 979, 984 (6th Cir. 2007); ***Fielder v. Varner***, 379 F.3d 113, 118 (3rd Cir. 2004); *cf.* ***Cappozi v. United States***, 768 F.3d 32, 33 (1st Cir. 2014) (interpreting the parallel federal habeas limitations period in § 2255(f) on a claim-by-claim basis).

If this court adopted DeCoteau's interpretation, the limitations period would have little to no significance.  A defendant, by filing one timely claim, could resurrect previously time-barred claims—a result the drafters did not intend.  *See* ***Mayle v. Felix***, 545 U.S. 644, 662 (2005) ("Congress enacted AEDPA to advance the finality of criminal convictions.").

This court, joining every other circuit to address the issue, holds that the statute of limitations in 28 U.S.C. § 2244(d)(1) applies to each claim within an application.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____