■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICTOR CLEMENTE, Respondent. [4 NYS3d 84]—

Application by the defendant, inter alia, for a writ of error coram nobis to vacate, on the ground that he was deprived of his right to appellate counsel, a decision and order of this Court dated May 22, 1989 (*see People v Clemente*, 150 AD2d 709 [1989]), which reversed an order of the Supreme Court, Queens County (Rotker, J.), dated March 22, 1988, dismissing the indictment on the ground that the defendant had been deprived of his constitutional right to a speedy trial.

Ordered that the application is granted to the extent that, pursuant to County Law § 722, the following named attorney is assigned as counsel to represent the defendant on the People's appeal: Lynn W.L. Fahey, 111 John Street, 9th Floor, New York, N.Y. 10038, and it is further,

Ordered that on or before April 8, 2015, the People may serve and file a replacement appellant's brief or a supplemental appellant's brief, if so advised, on the appeal from the order dated March 22, 1988; and it is further,

Ordered that the respondent's brief shall be served and filed on or before May 8, 2015, and the appellant's reply brief, if any, shall be served and filed on or before May 22, 2015; and it is further,

Ordered that the application is otherwise held in abeyance in the interim.

A defendant has important interests at stake on an appeal by the People, and is thus entitled to certain protections, including "the right to appellate counsel of defendant's choice and the right to seek appointment of counsel upon proof of indigency" (*People v Garcia*, 93 NY2d 42, 46 [1999]; *see People v Ramos*, 85 NY2d 678, 684 [1995]). "The ultimate duty of informing the defendant of his right to have counsel on appeal rests with the State" (*People v Garcia*, 93 NY2d at 46) and, absent record evidence that the defendant was informed of the right to counsel and waived that right, the Appellate Division should not proceed to consider and decide an appeal by the People (*see id.*). Since there is no such record evidence in this case, we agree with the defendant's contention that he was deprived of his constitutional right to counsel on the People's appeal to this Court from an order of the Supreme Court dated

March 22, 1988, dismissing the indictment (*see People v Garcia*, 93 NY2d at 46; *People v Forsythe*, 105 AD3d 1430 [2013]; *see also People v Pepper*, 53 NY2d 213 [1981]; *People v Morales*, 37 NY2d 262, 270 [1975]; *People v Tennant*, 96 AD2d 671, 672 [1983]; *see generally People v Ramos*, 85 NY2d at 684; *People v White*, 56 NY2d 110, 115 [1982]; *People v Cunningham*, 49 NY2d 203, 207 [1980]). Accordingly, we assign counsel to represent the defendant on the People's appeal from the order dated March 22, 1988, and will consider and decide the remainder of the application upon the submission of all briefs. Eng, P.J., Dillon, Dickerson and Chambers, JJ., concur.