■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICTOR CLEMENTE, JR., Respondent. [30 NYS3d 880]—

Application by the defendant, inter alia, for a writ of error coram nobis to vacate, on the ground that he was deprived of his right to appellate counsel, a decision and order of this Court dated May 22, 1989 (*see People v Clemente*, 150 AD2d 709 [1989]), which reversed an order of the Supreme Court, Queens County (Rotker, J.), dated March 22, 1988, dismissing the indictment on the ground that the defendant had been deprived

of his constitutional right to a speedy trial. By decision and order on application dated February 11, 2015, this Court granted the application to the extent of assigning counsel to represent the defendant on the People's appeal from the order dated March 22, 1988, and setting a briefing schedule, and otherwise held the application in abeyance to be considered and decided upon the submission of all briefs (*see People v Clemente*, 125 AD3d 786 [2015]). The People have now filed a replacement appellant's brief, and the defendant's assigned counsel has filed a respondent's brief.

Ordered that the remaining branches of the application which are, inter alia, for a writ of error coram nobis to vacate the decision and order of this Court dated May 22, 1989, are denied.

The defendant was charged in an indictment with murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. In an order dated March 22, 1988, the Supreme Court dismissed the indictment on the ground that the defendant had been deprived of his constitutional right to a speedy trial. The People appealed, and in a decision and order dated May 22, 1989, this Court reversed the order dated March 22, 1988, reinstated the indictment, and remitted the matter for further proceedings on the indictment (*see People v Clemente*, 150 AD2d 709 [1989]). When the defendant failed to appear in the court for further proceedings on June 13, 1989, a warrant for his arrest was issued. The defendant was not returned on the warrant until December 2006. Thereafter, the matter proceeded to trial, and the defendant was convicted, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree. The court rendered a judgment of conviction on April 30, 2008, and, in a decision and order dated May 3, 2011, this Court affirmed the judgment of conviction (*see People v Clemente*, 84 AD3d 829 [2011]).

In 2014, the defendant made the instant application, inter alia, for a writ of error coram nobis to vacate, on the ground that he was deprived of his right to appellate counsel, the decision and order of this Court dated May 22, 1989. In a decision and order dated February 11, 2015, this Court granted the application to the extent of assigning counsel to represent the defendant on the People's appeal from the order dated March 22, 1988, and setting a briefing schedule, and otherwise held the application in abeyance to be considered and decided upon the submission of all briefs (*see People v Clemente*, 125 AD3d 786 [2015]). The People have now filed a replacement appellant's

brief, and the defendant's assigned counsel has filed a respondent's brief.

Upon our review of the record and the parties' briefs, including the respondent's brief filed by the defendant's assigned counsel, we conclude that the Supreme Court erred in dismissing the indictment on the ground that the defendant had been deprived of his constitutional right to a speedy trial (*see People v Taranovich*, 37 NY2d 442, 445 [1975]; *cf. People v Johnson*, 38 NY2d 271, 276-277 [1975]). Accordingly, there is no basis to vacate our original determination in the decision and order dated May 22, 1989, inter alia, reversing the order dismissing the indictment, and thereupon reinstating the indictment.

The defendant's remaining contention is without merit. Eng, P.J., Dillon, Chambers and Dickerson, JJ., concur.