UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
August Term, 2022
(Argued: September 14, 2022    Decided: July 5, 2023)
Docket No. 21-279-pr

─────────────────────────

VICTOR CLEMENTE,
*Petitioner-Appellant,*

v.

WILLIAM LEE, WARDEN, EASTERN CORRECTIONAL FACILITY,
*Respondent-Appellee.*

─────────────────────────

Before:    POOLER, SACK, AND PARK, *Circuit Judges*.

On April 10, 2008, petitioner-appellant Victor Clemente was convicted of murder in the second degree and criminal possession of a weapon in the second degree by a New York state-court jury.  The court sentenced him to concurrent indeterminate prison terms of twenty years to life for the murder count and five to fifteen years for the weapon-possession count.

Following unsuccessful direct appeals and collateral challenges to his conviction in the state courts, Clemente filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. Respondent-appellee William Lee, the Warden of the facility in which Clemente is imprisoned, moved to dismiss a subset of the claims in the petition on the ground that they were time-barred under 28 U.S.C. § 2244(d)(1).  The district court (Donnelly, *J.*) agreed and entered an order supported by a memorandum decision granting the motion.

Clemente filed a notice of appeal and sought a certificate of appealability. On July 14, 2021, we granted a certificate of appealability on an issue of first impression for this Court:  "[W]hether the district court properly dismissed some of Appellant's claims as time-barred when it applied 28 U.S.C. § 2244(d)(1) to his individual claims, rather than to his entire petition."  Docket No. 25.

Clemente contends that under § 2244(d)(1), all the claims raised in his petition were timely because at least one claim asserted therein was timely filed within the applicable one-year limitations period. He argues that the district court erred by analyzing the timeliness of the claims in his petition on a claim-by-claim basis and that it should have applied a single statute of limitations to all his claims.

We disagree and conclude that § 2244(d)(1)'s statute of limitations requires a claim-by-claim approach, joining our sister circuits that have addressed the issue. Because we further conclude that the district court correctly determined that the claims at issue in this appeal were therefore time-barred, we

AFFIRM the order of the district court.

> JODI MORALES, The Law Offices of Jodi Morales, Bronx, NY, *for Petitioner-Appellant*;
>
> WILLIAM H. BRANIGAN (John M. Castellano, *on the brief*), Assistant District Attorneys, *for* Melinda Katz, District Attorney for Queens County, Queens, NY, *for Respondent-Appellee*.

SACK, *Circuit Judge*:

On April 10, 2008, petitioner-appellant Victor Clemente was convicted of murder in the second degree and criminal possession of a weapon in the second degree by a New York state-court jury. The court sentenced him to concurrent indeterminate prison terms of twenty years to life for the murder count and five to fifteen years for the weapon-possession count.

Following unsuccessful direct appeals and collateral challenges to his conviction in the state courts, Clemente filed a petition for a writ of habeas

corpus in the United States District Court for the Eastern District of New York.

Respondent-appellee William Lee, the Warden of the facility in which Clemente

is imprisoned, moved to dismiss a subset of the claims asserted in Clemente's

petition on the ground that they were time-barred under 28 U.S.C. § 2244(d)(1).

The district court (Donnelly, *J.*) agreed and entered an order supported by a

memorandum decision granting the motion.

Clemente filed a notice of appeal and sought a certificate of appealability.

On July 14, 2021, we granted a certificate of appealability on an issue of first

impression for this Court: "[W]hether the district court properly dismissed some

of Appellant's claims as time-barred when it applied 28 U.S.C. § 2244(d)(1) to his

individual claims, rather than to his entire petition." Docket No. 25.

Clemente contends that under § 2244(d)(1), all the claims raised in his

petition were timely because at least one claim asserted therein was timely filed

within the applicable one-year limitations period. He argues that the district

court erred by analyzing the timeliness of the claims in his petition on a claim-

by-claim basis and that it should have applied a single statute of limitations to all

his claims.

We disagree and conclude that § 2244(d)(1)'s statute of limitations requires a claim-by-claim approach, joining our sister circuits that have addressed the issue. Because we further conclude that the district court correctly determined that the claims at issue in this appeal were therefore time-barred, we affirm the order of the district court.

# BACKGROUND

## I. Pre-Trial Proceedings and Conviction

On November 20, 1986, Clemente fatally shot one Wilfredo Drapete. Clemente was charged with murder in the second degree under New York Penal Law § 125.25 and criminal possession of a weapon in the second and third degrees under New York Penal Law §§ 265.02 and 265.03. In January 1988, he moved to dismiss the indictment, arguing that the State failed to provide him with a speedy trial. The state trial court granted the motion and dismissed the indictment on March 22, 1988.

The State appealed the order dismissing the indictment to the New York State Supreme Court, Appellate Division, Second Department. Clemente was not represented by counsel during that appeal and did not file an opposing brief. On May 22, 1989, the Appellate Division reversed the trial court's ruling,

4

reinstated the indictment, and remitted the case to the trial court for further proceedings. *People v. Clemente*, 541 N.Y.S.2d 583, 584 (2d Dep't 1989).

Clemente was scheduled to appear in court on June 13, 1989. He failed to appear and a warrant was issued for his arrest. Seventeen years later, in December 2006, law enforcement found Clemente in California, arrested him, and returned him to New York to face the charges in Supreme Court, Queens County. On April 10, 2008, a jury convicted Clemente of murder in the second degree and criminal possession of a weapon in the second degree. On April 30, 2008, the trial court sentenced him to concurrent indeterminate prison terms of twenty years to life on the murder charge and five to fifteen years on the weapon-possession charge.

## II. Direct Appeal

Clemente appealed his conviction to the Appellate Division, Second Department, challenging, among other things, several of the trial court's evidentiary rulings. The Appellate Division affirmed Clemente's conviction on May 3, 2011. *People v. Clemente*, 922 N.Y.S.2d 193, 194 (2d Dep't 2011). He sought leave to appeal to the New York Court of Appeals, which denied his application on June 23, 2011. *People v. Clemente*, 17 N.Y.3d 793 (2011). He then petitioned the

United States Supreme Court for a writ of certiorari. It was denied on June 4, 2012. *Clemente v. New York*, 566 U.S. 1035 (2012).

### III. Motion to Vacate the Conviction

On December 27, 2012, Clemente, proceeding pro se, moved in the state trial court to vacate his conviction as provided by New York Criminal Procedure Law § 440.10, arguing that he was improperly denied the right to appellate counsel in 1989 when the Appellate Division reversed the dismissal of the indictment. The trial court denied Clemente's motion on April 18, 2013, concluding that the Appellate Division, not the trial court, was the proper forum for him to seek the requested relief.

### IV. First Writ of Error *Coram Nobis*

On September 11, 2013, Clemente, proceeding pro se, sought *coram nobis* relief[1] before the Appellate Division, again arguing that his right to appellate

---

[1] Although "the scope of coram nobis has been somewhat expanded beyond its original office, it still remains an emergency measure employed for the purpose for which it was initially designed, of calling up facts unknown at the time of the judgment." *People v. Caminito*, 3 N.Y.2d 596, 601 (1958) (citations omitted).

In New York, the writ became "a proper remedy whereby a court of competent jurisdiction could reopen its judgment of conviction under proper circumstances. The essence of coram nobis is that it is a motion addressed to the very court which rendered the judgment and is not in the nature of a separate proceeding, although often utilized long after the entry of judgment." Peter H. Bickford, *Coram Nobis as Proper Remedy for Testimony Not Perjured and Not Knowingly Used*, 13 BUFF. L. REV. 190, 191 (1963) (footnotes omitted).

counsel had been violated in 1989. On February 11, 2015, the Appellate Division granted the *coram nobis* application in part and concluded that Clemente's right to appellate counsel had indeed been violated. *People v. Clemente*, 4 N.Y.S.3d 84, 84 (2d Dep't 2015). The Appellate Division appointed counsel for Clemente and ordered the State to re-file its 1989 appeal. *Id.* at 84-85.

The appeal was fully briefed and the Appellate Division again concluded that the trial court had erred by dismissing the indictment in 1988. *People v. Clemente*, 30 N.Y.S.3d 880, 881 (2d Dep't 2016). Accordingly, the court denied Clemente's *coram nobis* application. *Id.* On August 11, 2016, the New York Court of Appeals denied Clemente's motion for leave to appeal the Appellate Division's decision. *People v. Clemente*, 28 N.Y.3d 928 (2016).

**V. Second Writ of Error *Coram Nobis***

On April 5, 2017, Clemente, proceeding pro se, filed a second application for *coram nobis* relief before the Appellate Division, arguing that he did not receive effective assistance of counsel during the direct appeal from his conviction and during the 2015 rehearing of the State's appeal from the speedy-trial dismissal. On December 13, 2017, the Appellate Division denied the application. *People v. Clemente*, 64 N.Y.S.3d 921, 922 (2d Dep't 2017). On March

16, 2018, the New York Court of Appeals denied Clemente's motion for leave to appeal. *People v. Clemente*, 31 N.Y.3d 982 (2018).

### VI. Current Federal Habeas Proceedings

On March 28, 2018, Clemente filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. The district court construed Clemente's petition as raising the same claims that he had advanced in the direct appeal from his conviction, the first and second writs of error *coram nobis*, and the counseled brief in the re-filed 1989 appeal. *Clemente v. Lee*, No. 18-cv-1978 (AMD), 2019 WL 181304, at *1-3 (E.D.N.Y. Jan. 9, 2019). The respondent moved to dismiss a subset of the claims raised in the petition as untimely. The respondent argued that the claims challenging Clemente's conviction on the grounds that he raised in his direct appeal were time-barred under 28 U.S.C. § 2244(d)(1)(A) and that Clemente's claim of ineffective assistance of counsel by the attorney who handled his direct appeal was time-barred under § 2244(d)(1)(D). The district court agreed that these claims were untimely and granted the respondent's motion to dismiss. *Id.* at *4-5.

Clemente then filed a notice of appeal and sought a certificate of appealability. We granted a certificate of appealability on an issue of first

impression for this Court: "[W]hether the district court properly dismissed some of Appellant's claims as time-barred when it applied 28 U.S.C. § 2244(d)(1) to his individual claims, rather than to his entire petition." Docket No. 25.[2]

Every federal appellate court to consider this question has concluded that the timeliness of claims raised in a petition for habeas corpus must be analyzed on a claim-by-claim basis. *Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir.) (en banc), *cert. denied sub nom. Zack v. Crews*, 571 U.S. 863 (2013) ("We conclude, based on the text and structure of the statute, Supreme Court precedent, decisions of our sister circuits, and Congressional intent, that [§ 2244(d)(1)] requires a claim-by-claim approach to determine timeliness."); *Davis v. United States*, 817 F.3d 319, 327-28 (7th Cir. 2016); *DeCoteau v. Schweitzer*, 774 F.3d 1190, 1192 (8th Cir. 2014); *Prendergast v. Clements*, 699 F.3d 1182, 1186-88 (10th Cir. 2012); *Mardesich v. Cate*, 668 F.3d 1164, 1169-71 (9th Cir. 2012); *Bachman v. Bagley*, 487 F.3d 979, 982-84 (6th Cir. 2007), *abrogated on other grounds*, *Magwood v. Patterson*, 561 U.S. 320 (2010); *Fielder v. Varner*, 379 F.3d 113, 117-22 (3d Cir. 2004); *see also Capozzi v.*

---

[2] On January 4, 2021, while this appeal was pending, the district court issued a decision and order addressing the merits of the timely claims raised in Clemente's habeas petition. The district court found that Clemente was not entitled to habeas relief on any of his timely claims and entered a judgment dismissing the petition. *See Clemente v. Lee*, No. 18-cv-1978, 2021 WL 25337 (AMD), at *8 (E.D.N.Y. Jan. 4, 2021).

*United States*, 768 F.3d 32, 33 (1st Cir. 2014) (per curiam), *cert. denied*, 574 U.S. 1184 (2015) (concluding that the parallel limitations period for federal prisoners, 28 U.S.C. § 2255(f), applies on a claim-by-claim basis). For the following reasons, we adopt the claim-by-claim approach. Because the district court utilized the claim-by-claim approach and correctly determined that the claims at issue in this appeal are time-barred, we affirm the district court's order.

## DISCUSSION

**I.     The Timeliness of Claims Raised in a Petition for Habeas Corpus Must Be Analyzed on a Claim-by-Claim Basis**

Petitions for habeas corpus by individuals "in custody pursuant to the judgment of a State court" are subject to a one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). "This statute of limitations 'quite plainly serves the well-recognized interest in the finality of state court judgments.'" *Zack*, 704 F.3d at 919 (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)); *see also Mayle v. Felix*, 545 U.S. 644, 662 (2005) ("Congress enacted AEDPA to advance the finality of criminal convictions. To that end, it adopted a tight time line, a one-year limitation period . . . ." (internal citation omitted)).

AEDPA's one-year statute of limitations applies to "an application" for a

writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs:

> from the latest of—

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented by filing from such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D).

Clemente contends that this statute, properly interpreted, provides that *all* claims raised in a habeas petition are timely so long as at least one claim asserted therein is timely under the one-year statute of limitations.[3]  In other words, he

---

[3] The respondent contends that Clemente "failed to raise" "the issue of whether the separate claims should be assessed for time bar purposes."  Appellee's Br. at 13.  Even assuming Clemente forfeited this argument, we exercise our discretion to consider it on appeal.  *See United States v. Graham*, 51 F.4th 67, 80 (2d Cir. 2022) ("Forfeiture, a mere failure to make the timely assertion of a right when procedurally appropriate, allows a court either to disregard an argument at its discretion (in civil cases) or otherwise subject it to plain-error review (in criminal cases)." (citations and internal quotation marks omitted)).

argues that courts must determine whether habeas petitions as a whole are timely and are not permitted to conclude that certain claims asserted in a petition should be dismissed as time-barred while others may proceed as timely. Therefore, according to Clemente, the district court erred by dismissing his time-barred claims because he raised them in a petition that also asserted claims that are undisputedly timely. However, we reject Clemente's construction of § 2244(d)(1).

A.

Our analysis begins, as it must, with § 2244(d)(1)'s text and structure. "In statutory interpretation, a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself." *Seife v. U.S. Food & Drug Admin.*, 43 F.4th 231, 239 (2d Cir. 2022) (citation and internal quotation marks omitted). "If, however, the statute is ambiguous, we focus upon the broader context and primary purpose of the statute." *Gordon v. Softech Int'l, Inc.*, 726 F.3d 42, 48 (2d Cir. 2013) (citation and internal quotation marks omitted).

We agree with our sister circuits that it is not immediately apparent from § 2244(d)(1)'s text whether a claim-by-claim approach or Clemente's proposed approach is appropriate. *See Mardesich*, 668 F.3d at 1170 (considering the "statute

12

as a whole" because "the ambiguous language in § 2244(d)(1) [does] not provide sufficient guidance"); *DeCoteau*, 774 F.3d at 1192 ("The language in § 2244(d)(1) is susceptible to more than one interpretation."). It is clear, however, that Clemente's proposed interpretation of § 2244(d)(1) is incompatible with the structure of AEDPA's statute of limitations framework.

Clemente's proposed interpretation of § 2244(d)(1) "reads the statute in such a way that under certain circumstances it will be impossible for courts to identify the applicable statute of limitations." *Zack*, 704 F.3d at 922. This problem was illustrated by the habeas petition that the Third Circuit considered in *Fielder*. There, the petitioner raised two claims in his petition—one alleging prosecutorial misconduct and one seeking a new trial based on newly discovered evidence. *Fielder*, 379 F.3d at 114. Under § 2244(d)(1)(D), the one-year statute of limitations for these claims ran from "the date on which the factual predicate of *the claim or claims presented* could have been discovered through the exercise of due diligence." *Id.* at 117 (quoting 28 U.S.C. § 2244(d)(1)(D)). Then-Circuit Judge Alito, writing for the court, explained that while the "factual predicate of the prosecutorial misconduct claim was presumably known to [the petitioner] at the time of trial, . . . the factual predicate of the after-discovered evidence claim was

13

not reasonably discoverable until years later." *Id.* at 118. If AEDPA's statute of limitations provision applied on a claim-by-claim basis, then "there [would be] no problem" as each claim's timeliness could readily be calculated based on when the factual predicates underlying each claim could reasonably have been discovered. *Id.* If a single statute of limitations period were applied to the entire petition, however, it would be impossible for courts to determine which of the two dates controls. "[T]here is nothing in § 2244(d) that suggests that a court should . . . select the *latest* date on which the factual predicate of any claim presented in a multi-claim application could have been reasonably discovered. It would be just as consistent with the statutory language to pick the *earliest* date." *Id.* [4]

The problems with Clemente's approach are not confined to multi-claim petitions analyzed under § 2244(d)(1)(D). Consider, as the Eleventh Circuit did, a "circumstance where an applicant presents a petition for relief that seeks review under two separate constitutional rights newly recognized by two

---

[4] As then-Circuit Judge Alito explained for the Third Circuit, § 2244(d)(1)'s reference to "the latest" date "does not tell a court how to identify the date specified in [§ 2244(d)(1)(D)] in a case in which the application contains multiple claims." *Fielder*, 379 F.3d at 118. That language only "tells a court how to choose from among the four dates specified in subsections (A) through (D) *once those dates are identified*." *Id.*

separate Supreme Court decisions." *Zack*, 704 F.3d at 922. In such a case, under

§ 2244(d)(1)(C), the statute of limitations runs from "the date on which the

constitutional right asserted was initially recognized by the Supreme Court." *Id.*

(quoting 28 U.S.C. § 2244(d)(1)(C)). Under the claim-by-claim approach, the

applicable statute of limitations for each claim can be ascertained and runs "from

the date of each relevant Supreme Court decision." *Id.* But if a court were to

attempt to apply a single statute of limitations to the entire petition, then the

statute would be silent as to whether the one-year statute of limitations runs

from the date of the earlier Supreme Court decision or the later one. "Nothing in

the text of [§ 2244(d)(1)(C)] resolves that question." *Id.*

Clemente argues that irrespective of the difficulties caused by his

proposed interpretation of § 2244(d), the statute forecloses the claim-by-claim

approach because it refers to the period within which an "application," rather

than a "claim," must be filed. We disagree for the same reasons that the Third

Circuit rejected an identical argument:

> [T]here is nothing unusual about the [use of the word "application"
> in] § 2244(d)(1). It is common for statute of limitations provisions to
> be framed using the model of a single-claim case. For example, the
> general statute of limitations for federal claims, 28 U.S.C. § 1658,
> prescribes the date by which "a civil action" must be commenced.

State statutes often use similar wording. . . .

Although these provisions are framed on the model of the one-claim complaint, it is understood that they must be applied separately to each claim when more than one is asserted. . . . [N]o one, we assume, would argue that, in a civil case with multiple federal claims, the statute of limitations must begin on the same date for every claim. Rather, each claim must be analyzed separately.

*Fielder*, 379 F.3d at 119 (citations omitted).  We conclude that § 2244(d)(1) should

be applied in a similar fashion.

Clemente's reliance on the statute's use of the word "application" is

further undermined by the Supreme Court's decision in *Pace v. DiGuglielmo*, 544

U.S. 408 (2005).  There, the Court "cited several provisions in AEDPA where a

reference to an 'application' nevertheless requires a claim-by-claim analysis."

*Zack*, 704 F.3d at 923 (citing *Pace*, 544 U.S. at 415-16).  Recognizing that AEDPA's

statute of limitation period applies to an "application" for a writ of habeas

corpus, the Supreme Court explained that § 2244(d)(1) "then provides one means

of calculating the limitation with regard to the 'application' as a whole,

§ 2244(d)(1)(A) (date of final judgment), *but three others that require claim-by-claim*

*consideration*, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new

right made retroactive); § 2244(d)(1)(D) (new factual predicate)."  *Pace*, 544 U.S. at

416 n.6 (emphasis added).  Although this language was not necessary to the

Supreme Court's holding in *Pace*, and is therefore not binding upon us, "we have an obligation to accord great deference to Supreme Court *dicta*." *Newdow v. Peterson*, 753 F.3d 105, 108 n.3 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted). That obligation is particularly compelling here because the Court addressed one of the provisions directly at issue in this case— § 2244(d)(1)(D)—and expressly found that it "require[s] claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6.[5]

B.

In addition to being incompatible with § 2244(d)'s structure, Clemente's interpretation of the statute undermines Congress's purpose and intent in

---

[5] Clemente contends that in *Magwood v. Patterson*, 561 U.S. 320 (2010), the Supreme Court effectively ruled that the claim-by-claim approach is inconsistent with § 2244(d). We disagree. *Magwood* concerned the proper interpretation of 28 U.S.C. § 2244(b)(1) and (2), which provide that a "claim presented in a second or successive habeas corpus application" should be dismissed unless certain other conditions are satisfied. *Id.* at 330 (quoting 28 U.S.C. § 2244(b)). The Supreme Court concluded that a habeas petition challenging a "death sentence, imposed as part of resentencing in response to a conditional writ from the District Court," *id.*, was not a "second or successive" application because there was a "new judgment intervening between the two habeas petitions," *id.* at 341 (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2010) (per curiam)). In so holding, the Supreme Court rejected the respondent's argument that the phrase "second or successive" in § 2244(b) should be read to modify "claims," not "application," and explained that such an interpretation of the statutory text would "elid[e] the difference between an 'application' and a 'claim.'" *Id.* at 334 (alteration in original) (citation and internal quotation marks omitted). But the Supreme Court also recognized that "many of the rules under § 2244(b) focus on claims." *Id.* at 334-35. Because the *Magwood* Court interpreted the text of two provisions not at issue in this case and explicitly confined its holding to those subsections, *Magwood* is inapposite.

17

enacting AEDPA. "[W]e will not interpret a statute in a way 'that apparently frustrates the statute's goals, in the absence of a specific intention otherwise.'" *Gordon*, 726 F.3d at 51 (alteration in original) (quoting *United States v. Livecchi*, 711 F.3d 345, 351 (2d Cir. 2013)).

Congress enacted AEDPA's statute of limitations to reduce "the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179; *see also Zack*, 704 F.3d at 925 ("The Supreme Court has also observed that the purpose of the habeas statute of limitations is to end delays in criminal cases." (citing *Woodford v. Garceau*, 538 U.S. 202, 206 (2003))). To "advance the finality of criminal convictions," Congress "adopted a tight time line" within which state prisoners may file habeas petitions. *Mayle*, 545 U.S. at 662.

As the Ninth Circuit observed with respect to the petition then before it, "stretched to its logical extreme," Clemente's proposed interpretation of § 2244(d)(1) "would hold that AEDPA's statute of limitations never completely runs on *any* claim so long as there is a possibility of a timely challenge for *one* claim. There is no evidence that Congress intended such a result when it . . . enact[ed] a one-year statute of limitations." *Mardesich*, 668 F.3d at 1171; *see*

*also Fielder*, 379 F.3d at 120 (noting that rejection of the claim-by-claim approach would have "the strange effect of permitting a late-accruing federal habeas claim to open the door for the assertion of other claims that had become time-barred years earlier. . . . We cannot think of any reason why Congress would have wanted to produce such a result."); *Zack*, 704 F.3d at 925 (observing that adoption of an application-based approach "allows for the resuscitation of otherwise dormant claims and effectively rewards petitioners for waiting years after their convictions become final to file federal habeas petitions that mix new and timely claims with stale and untimely claims.  Such a result contradicts the well-recognized interest in the finality of state court judgments that Congress sought to achieve in enacting the habeas statute of limitations.").

We are "'confident Congress did not want to produce' a result in which a timely claim 'miraculously revive[s]' untimely claims."  *Zack*, 704 F.3d at 926 (alteration in original) (quoting *Fielder*, 379 F.3d at 120)); *accord DeCoteau*, 774 F.3d at 1192.

**II.     Clemente's Claims Are Time-Barred Under 28 U.S.C. § 2244(d)(1)(A)**

As noted, Clemente brought claims in his habeas petition that were predicated on arguments that he advanced in the direct appeal from his

conviction. The district court concluded that these claims were untimely under 28 U.S.C. § 2244(d)(1)(A). Clemente contends that even if the district court did not err by utilizing the claim-by-claim approach, it should not have concluded that these claims were time-barred. He argues that the district court erred in calculating the statutory tolling period for these claims and by finding that Clemente was not entitled to equitable tolling.[6] For the following reasons, we agree with the district court that Clemente's claims are time-barred.

## A.

Clemente contends that the district court erred in calculating the statutory tolling period for the claims arising from the direct appeal of his conviction and that these errors caused the district court to mistakenly rule that Clemente was not entitled to equitable tolling. We agree with Clemente that certain parts of the district court's statutory tolling calculations were erroneous. Nonetheless, his

---

[6] The respondent argues that we should not address these arguments because they are outside the scope of the certificate of appealability. As noted, the certificate of appealability was granted on the issue of "whether the district court properly dismissed some of Appellant's claims as time-barred when it applied 28 U.S.C. § 2244(d)(1) to his individual claims, rather than to his entire petition." Docket No. 25. Because these arguments go to whether the "district court properly dismissed some of Appellant's claims as time-barred," we construe the certificate of appealability to encompass these issues. In any event, even if we were to accept the respondent's narrow reading of the certificate of appealability, we have the discretion to "expand a petitioner's [certificate of appealability] when appropriate," *Green v. Mazzucca*, 377 F.3d 182, 183 (2d Cir. 2004) (per curiam), and would choose to do so here.

claims remain time-barred under the proper application of AEDPA's statutory tolling provisions and the equitable tolling doctrine.

As relevant here, AEDPA's one-year limitations period runs from the date on which a petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A); *Smith v. McGinnis*, 208 F.3d 13, 15 (2d Cir. 2000) (per curiam). A petitioner's conviction becomes "final" under AEDPA "after the denial of certiorari or the expiration of time for seeking certiorari." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

Clemente's conviction became "final," then, when the Supreme Court denied his petition for a writ of certiorari on June 4, 2012. *Clemente*, 566 U.S. at 1035.

B.

AEDPA's statutory tolling provision provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular

state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000).

To repeat, the one-year statute of limitations applicable to Clemente's claims predicated on the arguments that he raised in his direct appeal started to run on June 4, 2012. On December 27, 2012—206 days later—Clemente filed a § 440.10 motion to vacate his conviction in state court. Therefore, on December 27, 2012, AEDPA's statute of limitations paused with 159 days remaining on the clock.

The state trial court denied Clemente's motion to vacate on April 18, 2013. The district court concluded the "AEDPA limitations started running again" on that date. *Clemente*, 2019 WL 181304, at *4. We disagree. Because state court applications are "pending" for the purposes of AEDPA's tolling provisions "until finally disposed of *and* further appellate review is unavailable under the particular state's procedures," *Bennett*, 199 F.3d at 120 (emphasis added), the limitations period did not begin to run again until May 18, 2013—the date on which Clemente's time to seek a discretionary appeal in the Appellate Division expired, *see* N.Y. Crim. Proc. Law §§ 450.15(1), 460.10(1).

22

On September 11, 2013—116 days after May 18, 2013—Clemente filed his first *coram nobis* petition in the Appellate Division. AEDPA's statute of limitations clock was paused again on that date, at which point 322 days of Clemente's one-year limitations period had expired.

The Appellate Division denied Clemente's first *coram nobis* petition on May 4, 2016. The district court concluded that the "limitations began to run again" on that date. *Clemente*, 2019 WL 181304, at *4. In so holding, the district court relied on caselaw that predated relevant amendments to New York Criminal Procedure Law § 450.90. *Id.* at *4 n.4 ("AEDPA's statute of limitations is not tolled during the interval when a petitioner seeks leave to appeal an Appellate Division's denial of a *coram nobis* motion because the *coram nobis* motion ceases to be 'pending' when it is denied by the Appellate Division." (quoting *Clark v. Barkley*, 51 F. App'x 332, 334 (2d Cir. 2002) (summary order))). After November 1, 2002, New York Criminal Procedure Law § 450.90, as amended (*see* 2002 N.Y. Sess. Laws ch. 498 (amending § 450.90)), affords petitioners the opportunity to seek leave to appeal from the Appellate Division's denial of a petition for writ of error *coram nobis* alleging wrongful deprivation of appellate counsel to the Court of Appeals. *See* N.Y. Crim. Proc. Law § 450.90; *People v. Jones*, 100 N.Y.2d 606, 607

23

(2003). Accordingly, the AEDPA clock did not restart until August 11, 2016—the date on which the Court of Appeals denied Clemente leave to appeal the Appellate Division's ruling.[7]

On August 11, 2016, Clemente had 43 days remaining to timely file his federal habeas corpus petition. Those 43 days passed on September 23, 2016, and Clemente's time to comply with the statute of limitations thus expired as to those claims. He did not file a federal habeas corpus petition until March 28, 2018. Accordingly, under AEDPA's statute of limitations and statutory-tolling provisions, any habeas claim predicated on the arguments that Clemente raised in his direct appeal then became, and now remains, untimely.

## C.

Clemente asks that we nonetheless vacate the district court's decision dismissing his claims and remand for the court to reconsider its conclusion that he is not entitled to equitable tolling.

---

[7] Although Clemente had 90 days after the Court of Appeals's order to seek certiorari from the Supreme Court, he did not file a petition for any such writ. AEDPA's statute of limitations therefore restarted immediately after the Court of Appeals's order. *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (explaining that we "exclude from tolling under 28 U.S.C. § 2244(d)(2) the ninety-day period during which a petitioner could have but did not file a certiorari petition to the United States Supreme Court from the denial of a state post-conviction petition.").

On August 25, 2016, the attorney who represented Clemente during the first *coram nobis* proceeding before the Appellate Division wrote a letter to Clemente informing him that the Court of Appeals had denied his request for leave to appeal to that court. Dist. Ct. Docket No. 9, at 14. She informed him that "[i]f you wish to file a petition for a writ of habeas corpus on a federal claim in federal court, you must do so within 1 year and 90 days of [August 11, 2016]." *Id.* Before the district court, Clemente explained that he understood his then-lawyer's advice to mean that he could timely "raise[] all his issues from [the] direct appeal, de novo appeal, and post-conviction appeals" in a federal habeas petition filed within a year and 90 days after August 11, 2016. *Id.* at 7. He claims that his then-lawyer's advice was incorrect and that his reliance on that advice caused him to file his federal habeas petition after the limitations period had run on his claims relating to his direct appeal. The district court concluded that even if his former lawyer's advice was mistaken, "that mistake would not meet the high bar needed to warrant equitable tolling." *Clemente*, 2019 WL 181304, at *5. We agree.

"Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances," but

25

should be applied only in "rare and exceptional circumstances." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (alteration adopted) (citations omitted). A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted).

Attorney error is, usually at least, "inadequate to create the 'extraordinary' circumstances equitable tolling requires." *Smaldone*, 273 F.3d at 138; *see also id.* ("[A]ttorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)). In the § 2244(d)(1) context, the Supreme Court has expressly rejected the argument that a petitioner's counsel's "mistake in miscalculating the limitations period entitles [the petitioner] to equitable tolling." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Id.* at 336-37; *see also Holland*, 560 U.S. at 651-52 ("[A] garden

variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." (citations and internal quotation marks omitted)).

Clemente's sole argument in support of his entitlement to equitable tolling is that his lawyer told him the wrong deadline for filing a habeas petition that included the arguments that he advanced in his direct appeal. But this argument, as noted, has been squarely foreclosed by the Supreme Court. Accordingly, the district court correctly determined that Clemente was not entitled to equitable tolling and properly dismissed his claims as time barred.

**CONCLUSION**

We have considered Clemente's remaining arguments on appeal and conclude that they are without merit. For the reasons explained above, we AFFIRM the order of the district court.